HARRIET BALLOU, Respondent, *v.* CHARLOTTE BALLOU et al., Appellants.

In an action to set aside two deeds, it appeared that W., the husband of plaintiff, as security for the performance on his part of trusts created by defendant T., executed a deed of certain real estate to defendant C., the wife of T., which was delivered to the latter with the understanding that it was not to be delivered to C. or have any effect except in case of a failure by W. to perform the trust. C. had no knowledge of or interest in the arrangement. W. died intestate leaving a son, his only heir-at-law. The latter died leaving the plaintiff his only heir-at-law. Thereafter T. fraudulently put the deed on record. Nothing then remained to be done in the execution of the trust. Upon the trial, after other and independent evidence had been given showing C.'s relation to the property, plaintiff offered in evidence the judgment-roll in an action in which plaintiff, as administratrix of W., was plantiff and T. was defendant, in which the question as to the validity of the deed was involved. This was received under objection and exception by both defendants separately. *Held*, no error ; that the judgment was unquestionably competent as against T.; and as C. was simply the instrument or representative of her husband and took only such rights as he had, whatever was competent against him was also competent against her.

(Argued June 21, 1888; decided October 2, 1888.)

APPEAL by defendants, separately, from judgmemt of the General Term of the Supreme Court in the fourth judicial

department, made October 7, 1884, which affirmed a judgment. in favor of plaintiff, entered upon the report of a referee.

This action was brought to set aside two deeds, one from William P. Ballou to defendant Charlotte Ballou, dated June 7, 1851, and one purporting to be from William P. Ballou and plaintiff, his wife, to defendant Theodore P. Ballou.

The material facts are stated in the opinion.

*E. D. Mathews* for appellants Theodore P. and Charlotte L. Ballou. A deed given in payment of an existing debt is given for a money consideration, and passes the title to the grantee, although the debt was due to another. (1 Edm. Stat. 677, § 51; 3 R. S. [7th ed.] 2181, § 51.) Plaintiff was not in position to deny the validity or effect of the deed. It recites a money consideration and its payment, and contains a general covenant of warranty. It estops the grantor and all persons claiming under him, by inheritance or otherwise, from denying a consideration sufficient to support the conveyance. (4 Kent [11th ed.] 539–545; 2 Wash. on Real Prop. 658, n. 4; *Grout* v. *Townsend*, 2 Hill, 554, 557; *Frink* v. *Green*, 5 Barb. 457, 458; *Rathbun* v. *Rathbun*, 6 id. 99, 102; *Goodspeed* v. *Butler*, 46 Maine, 141.) Theodore was a competent witness either in his own behalf or on behalf of his co-defendant as to any negotiation, ement or conversation between him and William, testified to by the plaintiff in her own behalf. (Code of Civ. Pro. § 829; *Sweet* v. *Low*, 28 Hun, 432, 433; *Lewis* v. *Merritt*, 98 N. Y. 206; Burrill's Law Dict., Title Representative; *Markell* v. *Benson*, 55 How. 360, 363.) The referee erred in receiving in evidence against both defendants the judgment-rolls in the former action. (6 Wait's Actions and Defenses, 793, 794.) It was the referee's duty to examine and pass upon each separate request, and to his refusal to do so exceptions were well taken. (Code of Civ. Pro. §§ 992, 993, 1023; *Friedman* v. *Bierman*, 43 Hun, 391; 6 N. Y. 407; *Gardiner* v. *Schwab*, 34 Hun, 582; *Gormerly* v. *McGlynn*, 84 N. Y. 284; *Ward* v. *Craig*, 87 id. 559; *Goettling* v.

*Biehler*, 6 N. Y. Civ. Pro. Rep. 324.) The referee erred in admitting in evidence as against Charlotte Ballou the judgment-rolls in a former action brought by Harriet Ballou, the present plaintiff, as administratrix of her son Theodore against the defendant Theodore P. Ballou, to which action Charlotte Ballou was a total stranger. (1 Greenl. on Ev., § 523 ; Freeman on Judgments, § 173 ; *Yorks* v. *Steele*, 50 Barb. 397.) An action and judgment between two persons shall not bind or effect a third person who could not be admitted to make a defense, to examine witnesses or to appeal from the judgment. (*Rathbone* v. *Hooney*, 58 N. Y. 463, 467 ; *Robinson's Case*, 5 Co. 32, 36 ; *Jackson* v. *Mills*, 13 J. R. 463 ; *Sinclair* v. *Jackson*, 8 Cow. 565 ; *Jackson* v. *Hoffman*, 9 id. 271 ; *Denham* v. *McGuire*, 101 N. Y. 161 ; *Campbell* v. *Hall*, 16 id. 575 ; 1 Smith's Lead. Cas. 800, *n.* ; 7 Abb. N. Y. Dig. 1012 ; 39 Barb. 516 ; 42 id. 636 ; *Jennings* v. *Jones*, 2 Redf. 95 ; *Mut. Ben. Life Ins. Co.* v. *Tisdale*, 91 U. S. 244 [Bk. 23 L. ed. 317] ; *Humes* v. *Scruggs*, 94 id. 25 [Bk. 24, L. ed. 52.]) The referee also erred in denying Charlotte's motion to dismiss the complaint as to her, on the ground that no relief for the cancellation of the deed to her, or its removal as a cloud upon title, could have been granted to William P. Ballou in his lifetime, nor can such relief be granted to the plaintiff in this action under the evidence given by the plaintiff, showing the deed was given with intent to hinder, delay and defraud the creditors of Theodore P. Ballou. (*Union Nat. Bank of Albany* v. *Warner*, 12 Hun, 308 ; *Briggs* v. *Merrill*, 58 Barb. 400 ; *Wood* v. *Hunt*, 38 id. 302, 309 ; *Davis* v. *Leopold*, 87 N. Y. 620 ; *Stewart* v. *Ackley*, 52 Barb. 283, 287 ; *Sweet* v. *Tinslar*, 52 id. 271 ; *Nellis* v. *Clark*, 4 Hill, 426 ; Bump on Fraudulent Conveyances, 440, 441 ; *Coleman* v. *Burr*, 93 N. Y. 17 ; *Lore* v. *Dierkes*, 16 Abb. N. C. 47, 54.) Treating the deed as a conveyance for the benefit of Theodore P., or as a security for his benefit, as is done by the referee, the delivery to the beneficiary was sufficient. (*Everett* v. *Everett*, 48 N. Y; 222 ; *Verplanck* v. *Storry*, 12 Johns. 551 ; *Church* v. *Gilman*, 15 Wend. 656, 662 ; Perry on

Trusts, §§ 59, 259.)   As the proofs do not sustain the allega-
tions of the complaint as to the deed from William P. to
Charlotte Ballou, the referee erred in not dismissing the
complaint as against her. (*Lange* v. *Benedict*, 73 id. 12;.
*Southwick* v. *First Nat. Bank*, 84 id. 420; *Ferguson* v.
*Mass. Mut. Life Ins. Co.*, 22 Hun, 326; *Bailey* v. *Rider*,
10 N. Y. 363; *Peck* v. *Mallams*, 10 id. 548; *Ferguson* v.
*Ferguson*, 2 id. 361; *Frost* v. *Koon*, 30 id. 446; *Romeyn* v.
*Sickels*, 13 id. 864; *Day* v. *New Lots*, 107 id. 148; 11 id. 361;
*Southwick* v. *First Nat. Bank of Memphis*, 61 How. Pr.
170.)   The plaintiff was not a competent witness to prove the·
alleged agreement of 1842 between the brothers in relation
to the Northrup farm, under section 829 of the Code of
Civil Procedure, and her testimony on that subject should
have been excluded. ·(*Sweet* v. *Eddy*, 28 Hun, 432;.
*Steele* v. *Ward*, 30 id. 556; *Barton* v. *Scrambling*, 31 id.
467; *Price* v. *Price*, 33 id. 67, 72; *Holcombe* v. *Hol-
combe*, 95 N. Y. 316, 320; *Brague* v. *Lord*, 67 id. 496;.
*Wilson* v. *Reynolds*, 31 Hun, 47; *Witthaus* v. *Schack*,
105 N. Y. 332; 7 N. Y. State Reporter, 345; *Stuart* v.
*Patterson*, 37 Hun, 113; *Boughton* v. *Bogardus*, 35 id. 199 ;·
*Price* v. *Price*, 19 N. Y. Week. Dig. 331.)   The evidence
offered by defendants of the value of the two parcels of
property was competent upon the question whether any such
agreement of exchange was made as contended by the plaintiff
and denied by the defendants. (*Cornish* v. *Graff*, 21 N. Y.
Week. Dig. 383.)   Section 829 does not exclude the testimony
of a party interested in the event of an action, as to any
transaction or communication between such person and a
deceased person, concerning which a party situated as the
plaintiff is, has been examined in her own behalf. (*Sweet* v.
*Low*, 28 Hun, 432; *Thaskell* v. *Benson*, 55 How 361; *Lewis*·
v. *Merritt*, 98 N. Y. 466; *Kelly* v. *Burroughs*, 19 N. Y.
Week. Dig. 478; *Pinney* v. *Orth*, 88 N. Y. 447; 32 Alb.
Law Jour. 52.)   The referee erred in excluding testimony of
Theodore, offered in behalf of defendant Charlotte, the·
admission of which would tend to establish her claim to the·

land, not his; in the question before the court upon which this testimony was offered, and upon which only it would have had a bearing, Theodore having no interest to disqualify him as a witness. (*Lewis* v. *Merritt*, 98 N. Y. 206: *Kelly* v. *Burroughs*, 19 Week. Dig. 478; *McKenna* v. *Bolger*, 9 N. Y. State Rep. 64; 32 Alb. Law Jour. 52; *Pinney* v. *Orth*, 88 N. Y. 447; *Wadsworth* v. *Hermans*, 85 id. 639.) Where the conveyance comes from a third party, a trust for the benefit of one who has paid the purchase-money is not allowed to exist, if he has assented to the conveyance being made in that form. (*Sturtevant* v. *Sturtevant*, 20 N. Y. 40; *Cook* v. *Barr*, 44 id. 156; *Hutchins* v. *Hutchins*, 98 id. 56; *Worrall* v. *Munn*, 5 id. 229; *Brown* v. *Cherry*, 59 Barb. 628; *Welton* v. *Devine*, 20 Barb. 9.) The deed recites a money consideration and its payment, and contains a general warranty of title and possession, and estops the plaintiff from denying a consideration sufficient to support the conveyance. (4 Kent. [11th ed.] 539, 545, and notes; 2 Washb. on Real Prop., 156, 168, and note 4; *Grout* v. *Townsend*, 2 Hill, 554, 557; *Frink* v. *Green*, 5 Barb. 457, 458; *Rathbun* v. *Rathbun*, 6 id. 99, 102; *Goodspeed* v. *Butler*, 46 Me. 141.)

*Edwin H. Risley* for respondents. The original purchase of a portion of the premises in dispute by the three brothers, the deed being taken in the name of William P. Ballou, vested in him the legal title and gave to the other two brothers an equitable interest which was recognized by William P. in the execution of a memoranda agreement, created a trust in favor of Peter P. and Theodore P. Ballou, which might have been enforced. (*Fairchilds* v. *Fairchilds*, 64 N. Y. 471.) If the defendant, Theodore P. Ballou, considered himself aggrieved by the failure of the referee to pass on his requests, assuming that they were submitted before the case was decided, it was his duty to have procured an order of the court sending the case back to the referee for him to pass upon the requests. (*Van Slycke* v. *Hyatt*, 46 N. Y. 259; *Lefler* v. *Field*, 47 id. 407; *Rogers* v. *Wheeler*, 52 id. 262;

*Meacham* v. *Burke*, 54 id. 217; *Smith* v. *Glens Falls Ins. Co.*, 62 id. 85; *Potter* v. *Reynolds*, 71 id. 74.) The referee has no power to pass on findings after the case had been decided and judgment entered. (*Carroll* v. *Staten Island Co.*, 65 Barb. 32; 58 N. Y. 126; Code, § 1023.) The referee, on the objection made by Charlotte, excluded the evidence of Harriet Ballou with reference to what was said between her husband and Theodore P. on the execution of the deed, and the release of Theodore's interest in the property in question in 1842, but admitted it as against Theodore P.; subsequently he received the evidence and permitted it to stand against Charlotte. No error was committed in this ruling, as the evidence thus admitted shows that the plaintiff did not participate in the conversation which led to the execution of the agreement; this rendered it competent. (*Corey* v. *White*, 59 N. Y. 336; *Ballou* v. *Ballou*, 78 id. 325.) The judgment rendered in the action between the plaintiff, as administrator, etc., against Theodore P. Ballou, was properly admitted in evidence on the trial as against Theodore P. Ballou. (*Stewart* v. *Montgomery*, 23 Pa. St. 410; *Van Slyke* v. *Newton*, 10 Hun, 554; *Goddard* v. *Benson*, 15 Abb. 191.) The two deeds being valid upon their face, their record in the clerk's office created a cloud upon the plaintiff's title. To vacate this apparent title extrinsic evidence was required, which rendered it a proper case for the action of the court to set the deeds aside and cancel them of record, thereby freeing the plaintiff's title from the apparent cloud. (*Fonda* v. *Sage*, 48 N.Y. 173.)

DANFORTH, J. So far as material to the question presented by this appeal, the record shows that William P. Ballou and Theodore P. Ballou were brothers; that on the 7th of June, 1851, William P. Ballou executed an instrument, which, on its face, purported to be an absolute deed to Charlotte Ballou, the wife of Theodore P. Ballou, conveying premises known, in part, as the Northrup farm, but also including by description other land. It expressed a consideration of $5,000, but was, in fact, executed upon an agreement between

William and Theodore P., to which Charlotte was not a party, and was intended to be security only for the performance by William of a certain trust created by Theodore P. and solely in his interest. She had no knowledge of or interest in any of these things; neither of the arrangement between the brothers nor of the deed. It was left by William with Theodore P. Ballou, and was not to be delivered to Charlotte or have any effect, except in the event of a failure by William to perform the trust. It does not appear at any time to have been delivered by him to, or accepted by Charlotte, but, as the referee finds, it remained in the possession of Theodore P., who, in February, 1863, fraudulently put it on record. Nothing remained to be done by William in the execution of the trust, and no contingency had arisen, or could arise, to give the deed any effect or validity. Its record was after the death of William P. Ballou, and that of his only son, which last event occurred on the 29th of April, 1862. William P. was in possession of part of the land in 1842, and of that and the residue in 1843, and of the whole thenceforth until October, 1854, when he died, leaving a widow, Hannah Ballou, the plaintiff, and an only child, Theodore. The premises continued in their possession until the son died, leaving his mother, the plaintiff herein, his sole heir. She continued in possession down to and at the time of the trial. Her first knowledge or notice of the deed from William P. to Charlotte was in 1863, when she saw it in the possession of Theodore P. In April, 1864, she commenced this action against Charlotte only, and, afterwards amended the proceedings so as to bring in Theodore P., her husband, as a defendant. The plaintiff sought to have the deed of 1851, above referred to, and another deed set out in the complaint, annulled and canceled. As to the second deed it was found to be a forgery, and the plaintiff's prayer as to both was granted. Each defendant appeals.

As against Theodore P. Ballou, the judgment is so plainly just that nothing need be added to the views expressed by the General Term. Charlotte's case differs in one respect

only. She has an exception to evidence received against her objection, and concerning which it is strenuously insisted by the appellant's counsel that the General Term erred. It stands on these circumstances: The plaintiff offered in evidence a judgment-roll in an action in the Supreme Court, in which Harriet Ballou, as administratrix of William P. Ballou, was plaintiff, and Theodore P. Ballou, defendant. It was docketed June 8, 1878, and shows a recovery for $1,428.42. It was affirmed in the Court of Appeals, November, 1879. (78 N. Y. 325.) It appears that it was offered in evidence against Theodore P. Ballou alone. It was objected to (1) "as immaterial and incompetent; (2), that the matters litigated in that action are not within the issues involved in this action, nor pertinent to them ; and that litigation was not between the same parties as this action." The defendant's objection was overruled and he excepted. As to him the evidence was relevant, for it related to the matter now in controversy. After giving other evidence the plaintiff rested, and the defendant Charlotte, in her own behalf, moved, upon various grounds, for a dismissal of the complaint. The motion was denied. The defendants took the case, gave evidence and defendant Charlotte rested. After some further evidence in behalf of Theodore P., he also rested, and then (I quote from the record), the following occurred :

"Counsel for plaintiff produces and offers the judgment-roll in the case of Harriet Ballou, as administratrix, etc., against Theodore P. Ballou.

"Defendant Charlotte Ballou objected thereto as immaterial, incompetent and not evidence against her. The suit was commenced, tried and determined long after her deed. She was not, nor is, a party to the record."

"Defendant Theodore P. Ballou moved to strike it out, if already in, and objected to its receipt as immaterial, incompetent, and not between the same parties, it being in favor of her as administratrix, etc. ; it is not evidence for her individually, and not specially pleaded. The referee overruled the

several objections of each defendant and received the judgment-roll, and each defendant duly excepted."

"Plaintiff offered judgment-roll in same case in Court of Appeals, entered October 24, 1879.

"Objected to the same as before, on the same grounds, by defendant Charlotte Ballou, and by the other defendant, also, on same grounds; and, further, that the roll is not admissible for any purpose on this trial; and if at all, or for any purpose, the only part of the roll that can, in any event, be made evidence is the judgment of affirmance. The referee sustained the objections so far as only to allow the judgment of affirmance, to which each defendant duly excepted."

We think it was not incompetent as to Charlotte. Neither the roll nor its contents are set forth in the appeal-book, but it seems to be assumed by the learned counsel for both parties that the validity of the two deeds assailed in this action was directly involved in the other. This assumption is most favorable to the appellant, and yet it is not enough to sustain her objection.

The evidence given in answer to the plaintiff's case tended to show a paper title in Charlotte, but it appeared that it was obtained through the procurement and the affirmative act of her husband, Theodore P., and in fraud of the grantor named in the deed conferring such title; that her title stood on no other consideration, and was, in fact, no other than her husband's title, and that she was merely an instrument used by him to effect a fraud; that, in truth, the instrument was not intended to be a deed, but a mortgage, and invalid because of the performance of the act to secure which it was given. Theodore P. was the real party in interest, therefore, in the transaction examined in the former suit, and we have no doubt that any evidence competent against him in this action was competent against his wife, who was merely the nominal party and had only such rights as he had; she was identified in interest with him. According to her answer she was merely "designated by him to take the conveyance," and, according to the case made, her name was put in it by her hus-

band as a mere matter of convenience to himself, or, more correctly stated, as a cover. She stands, therefore, as his representative solely, and anything affecting his title in like degree.impairs or destroys the title she holds for him. (*Carr* v. *Carr*, 52 N. Y. 251; *Gilbert* v. *Deshon*, 107 id. 324.)

The judgment, therefore, was admissible in evidence, to be weighed with the other testimony in the case. Her relation to the property, and the consequences resulting from that relation, were established by other and independent evidence.

As to both defendants we think the appeal fails, and that the judgment appealed from should be affirmed.

All concur.

Judgment affirmed.