SILAS DECKER et al., Appellants, *v.* CARRIE M. VREELAND et al., Respondents, Impleaded with Others.

**Will** — construction of statute (Decedent Estate Law, § 17; Cons. Laws, ch. 13) prohibiting a testamentary gift to charitable, religious and other similar associations of more than one-half of testator's estate — gift by testator, who lived in New Jersey, and owned property in that state and in state of New York, of all of his property for charitable uses — when such gift void as to New York property — valuation of testator's estate and application of statute.

1. The statute (Decedent Estate Law, Cons. Laws, ch. 13, § 17), which provides that any person having a husband, wife, child or parent is prohibited from devising or bequeathing to any charitable association, in trust or otherwise, more than one-half part of his

estate, after the payment of his debts, relates not alone to bequests and devises made directly to charitable organizations, but also to express trusts created for their benefit.

2. The provisions of this statute may be insisted upon by any person who would derive a benefit therefrom, although not one of the persons designated in the section. (*Robb* v. *Washington & Jefferson College*, 185 N. Y. 485, followed.)

3. A resident of New Jersey who died leaving him surviving a widow, brother, sister and children, and grandchildren of deceased brothers and sisters gave all his property, except a small annuity to his wife, to his executors in trust to pay the income to a designated religious association for the maintenance of the churches, ministers and missionaries, and the erection of churches of a denomination therein named. *Held*, that as to the real estate situated in New York state the gift to pay over the income was within the provisions of section 17 of the Decedent Estate Law and could not pass to the charity more than one-half of his estate. (*Allen* v. *Stevens*, 161 N. Y. 122, distinguished.)

4. In determining the testator's estate all his property, both real and personal, wheresoever the same is situated, must be taken into consideration, and if the legal provisions for charity outside of the state amount to half or more than one-half the entire estate, the property in New York state will go to the heirs, and cannot be given to charity, under the will. If such provisions outside of New York state are less than one-half, so much of the New York state property may go to the charity devisees as will make up fifty per cent and no more.

5. Since it does not appear from the record what the charitable association has received in New Jersey, or what it can receive, the laws of New Jersey not having been proved, the judgment below should be reversed and a new trial granted at which the defendants may have an opportunity to show what the association has received or what the law of New Jersey is upon the subject.

*Decker* v. *Vreeland*, 170 App. Div. 234, reversed.

(Argued January 24, 1917; decided March 20, 1917.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered December 20, 1915, affirming a judgment in favor of defendants entered upon a dismissal of the complaint by the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Merle I. St. John* for appellants. The trial court erroneously assumed that under the fourth item of the will the maintenance and operation of the charity devolved upon the trustees appointed thereunder and that this case is controlled by the rulings in *Allen* v. *Stevens* (161 N. Y. 122). (*Matter of Crane*, 12 App. Div. 271; *Bird* v. *Merklee*, 144 N. Y. 544; *Johnston* v. *Hughes*, 187 N. Y. 446.) Any one who would benefit by an intestacy is entitled to raise the question. (*Harris* v. *American Bible Society*, 2 Abb. Ct. App. Dec. 316; *Robb* v. *Washington & Jefferson College*, 185 N. Y. 485; *Rich* v. *Tiffany*, 2 App. Div. 25; *Allen* v. *Stevens*, 161 N. Y. 122.) The provisions of the residuary clause contained in item fourth of the will fall clearly within the inhibition of section 17 of the Decedent Estate Law. (*Amherst College* v. *Ritch*, 151 N. Y. 282; *Allen* v. *Stevens*, 161 N. Y. 122; *St. John* v. *Andrews Inst.*, 191 N. Y. 254; *Matter of Leary*, 1 Tucker, 233; *Lefevre* v. *Lefevre*, 59 N. Y. 434; *Jones* v. *Kelly*, 170 N. Y. 401; *Bascom* v. *Albertson*, 34 N. Y. 584; *Boson* v. *Statham*, 1 Eden, 508; *Quinn* v. *Skinner*, 33 How. Pr. 229.) This attempted charitable devise is void as to all real estate in New York, and the heirs of Conrad Vreeland are seized of all his real estate here. (*Matter of Moderno*, 5 Dem. 288; *Hollis* v. *Drew Seminary*, 95 N. Y. 166; Whart. on Conf. of Laws, 1328; *Amherst College* v. *Ritch*, 151 N. Y. 282; *Chamberlain* v. *Chamberlain*, 43 N. Y. 424.) There is a presumption that all the New Jersey property is lawfully given to charity. (*Vidal* v. *Girard*, 43 U. S. 126; *Williams* v. *Williams*, 8 N. Y. 525; *Trustees of Snug Harbor* v. *Carmody*, 211 N. Y. 286; *Bogardus* v. *Trinity Church*, 4 Paige, 178; *Lane* v. *Wheelwright*, 69 Hun, 180; 143 N. Y. 634; *Lozier* v. *Westcott*, 26 N. Y. 146; *Southworth* v. *Morgan*, 205 N. Y. 293.)

*Arthur Ofner* and *George R. Brennan* for Mildred Decker et al., infants.

*William D. McNulty* and *Edmund G. Stalter* for respondents. The statute, as interpreted and applied by our courts, does not affect the gift. (*Allen* v. *Stevens,* 161 N. Y. 222; *Robb* v. *W. & J. College,* 185 N. Y. 485; *Matter of Beaver,* 62 Misc. Rep. 155; *Matter of Cleven,* 142 N. W. Rep. 986.) The statute was obviously designed to protect a husband, wife, child or parent, and no one else. (*Amherst College* v. *Ritch,* 151 N. Y. 282.) The court should consider all the property devised and bequeathed to the trustees wherever situated. (*Hollis* v. *Drew Seminary,* 95 N. Y. 166; *Hope* v. *Brewer,* 136 N. Y. 126.)

CRANE, J. Conrad Vreeland, a Baptist minister and a resident of New Jersey, died seized of New York real estate worth $41,300, of real estate in New Jersey worth $52,590, and of personalty in New Jersey worth $47,000. He left no debts. He gave his wife $50 a month in lieu of dower.

By the fourth and fifth items of his will, he gave all of his property, both real and personal, to charity in the words following:

"*Item fourth.* Subject to the foregoing bequests and devises, I give, devise and bequeath unto my executors, hereinafter named, but nevertheless in trust, all my real and personal estate of every kind whatsoever and wheresoever the same may be found to which I may die seized; my said executors or trustees to hold said estate and not to encumber the real estate in any way whatsoever, but to keep it in good condition and repair, and to keep the funds of my estate properly invested in bonds and mortgages, and to use the income derived therefrom in the following manner.

"To pay the North New Jersey Baptist Association all the income derived from my estate for and towards the maintenance of the churches, ministers and mission-

aries of the Baptist denomination, and for the erection of regular Baptist Churches, which are presided over by regular Baptist ministers only, and for the payment of salaries of said ministers or missionaries only; but no minister presiding over any of said churches to receive out of said income any sum in excess of three hundred dollars as salary in any one year. I hereby empower my executors and trustees to sell and give title to any real estate I may own at my decease. Any church receiving any benefit under this, my last will and testament, to be supplied with a minister who shall hold service in such churches at least once on each Sabbath day, weather permitting. Said income to be applied only to the support, erection and maintenance of churches in the manner aforesaid, in the Counties of Passaic, Bergen, Morris and Sussex, in the State of New Jersey, and which are not located within the limits of any incorporated city in said counties.

" *Item fifth*. I hereby nominate and appoint my wife, Carrie M. Vreeland, Walter D. Hoag and George C. Vreeland executors and trustees of this, my last will and testament. I hereby order and direct that the trustees of this trust hereinafter created, shall consist of three persons, and in the event of the death or resignation of any of the above-named three trustees or their successors that said vacancy or vacancies shall continue until the next annual meeting or conference of the North Jersey Baptist Association, at which time a trustee shall be selected for each such vacancy or vacancies in the same manner as the association selects its other officers."

The testator left him surviving his widow, Carrie M. Vreeland, his brother, Thomas B. Vreeland, and children and grandchildren of deceased brothers and sisters.

A sister, Jane E. Decker, subsequently died leaving a husband, Silas Decker, and a son, who are the plaintiffs here.

By section 17 of the Decedent Estate Law (Cons. Laws, ch. 13), "No person having a husband, wife, child or

parent, shall, by his or her last will and testament, devise
or bequeath to any benevolent, charitable, literary, scien-
tific, religious or missionary society, association or corpo-
ration, in trust or otherwise, more than one-half part of
his or her estate, after the payment of his or her debts,
and such devise or bequest shall be valid to the extent of
one-half, and no more."

This action is brought to partition the real estate in
New York state, alleging that the devise to charity of the
testator's entire estate was in violation of the above sec-
tion and void.

The provisions of this statute may be insisted upon by
any person who would derive a benefit therefrom although
not one of the persons designated in the section. (*Robb* v.
*Washington & Jefferson College*, 185 N. Y. 485.)

The courts below sustained the dismissal of the com-
plaint upon the authority of *Allen* v. *Stevens* (161 N. Y.
122). The trial court thought that the prohibition of the
statute, as held by that case, related exclusively to
bequests and devises made directly to charitable organiza-
tions and not to trusts created for their benefit. The
Appellate Division in its opinion says: "This is clearly a
devise to individuals for charitable uses, and not within
the purview of the statute of 1860. (*Allen* v. *Stevens*,
161 N. Y. 122.) The property is permanently in the
trustees, the income to be used for specific purposes.
Where the trustees named are to turn over the subject
of the trust to charitable corporations, such beneficiaries
are virtually legatees, and a different rule applies.
(*Jones* v. *Kelly*, 170 N. Y. 401)."

By the provisions of the will of Conrad Vreeland above
quoted there was no direct gift to a charitable organiza-
tion, nor was the testator's property given to individuals,
as such, who were themselves to execute and administer
the charity. All the property of the testator was devised
and bequeathed to the executors, as trustees of an
express trust, to collect the rents and income and to pay

them over to the North New Jersey Baptist Association, a religious association.

This case is, therefore, in no respect similar to *Allen* v. *Stevens*. In that case the will of Nathan F. Graves gave the residue of his estate to trustees for the purpose of founding, erecting and maintaining "Graves Home for the Aged" to be located in the city of Syracuse, and the trustees to whom the property was given were appointed to execute the trust, that is, to create the home, incorporate it or not as they pleased (*Matter of Graves*, 171 N. Y. 40) and to run it. This was entirely different from collecting income and paying it over to others to distribute in charity. The executors upon closing the estate were directed to convey to the trustees named all the remaining property for the purpose of the charity which they, the trustees, were to administer. It was accordingly held that "as such devises and bequests are not to 'a society, association or corporation in trust or otherwise,' but instead to trustees, they are not within its prohibition." (161 N. Y. 148.) The devises and bequests were not to the "Graves Home for the Aged," as it did not exist, neither was an express trust created to pay over income to an existing charitable association or corporation. The gifts were to individuals, as such, to execute a charity as specified by the testator. When Chief Judge PARKER in his opinion in the above case (p. 149) says: "and so this testator in devising his property to trustees in trust for the uses and purposes described in the will, was not within the prohibition of the statute," it meant the same as if he had said, "and so this testator in devising his property to *individuals* for the purpose of carrying out the *charity* described in the will was not within the prohibition of the statute." Similar use of the words "trustee" and "in trust" was made in *Wetmore* v. *Parker* (52 N. Y. 450); *Bird* v. *Merklee* (144 N. Y. 544); *Burrill* v. *Boardman* (43 N. Y. 254), and *Fosdick* v. *Town of Hempstead* (125 N. Y. 581). In the *Wetmore*

case the testator gave $25,000 to the Utica Orphan Asylum to be perpetually invested by the trustees and the interest and income expended by the trustees in their discretion for the support and maintenance of the asylum, having special reference to the suitable and comfortable care of and provision for the orphans in their charge. It was held that this provision did not create a trust in any such sense as that term is applied to property. " Its (the Asylum's) duties are in some respects fiduciary; but not so as to interfere with its title to the personal property thus transferred." (p. 459.)

Unless this be the meaning of the opinion in the *Allen* case, it is inconsistent with what the same judge said a few years later in *Jones* v. *Kelly* (170 N. Y. 401), and what had previously been stated in other cases. (*Lefevre* v. *Lefevre*, 59 N. Y. 434, 449; *Amherst College* v. *Ritch*, 151 N. Y. 282; *Matter of Crane*, 12 App. Div. 271; *Bascom* v. *Albertson*, 34 N. Y. 584, 616, 617; *Wm. H. Leary's Estate*, 1 Tucker's Surr. Rep. 233; and since the *Allen* case, *St. John* v. *Andrews Institute*, 191 N. Y. 254, at page 275.) Although the gift in the *Jones* case was made directly to the charitable organizations, yet in answer to the argument of counsel the court said (p. 409): " The contention of counsel that the testator attempted to create an express trust as to all of his residuary estate need not be considered, * * * for the statute prohibits a devise by a person situated as this testator was, *in trust or otherwise,* for the benefit of charity of more than one-half of his estate, and hence, a devise to the executors in trust for such purpose would have been wholly void as to the one-half thereof." In the *Amherst College* case, the Laws of 1860, chapter 360 (section 17 of the Decedent Estate Law), was held to apply to a secret trust for colleges impressed upon a testamentary gift. Judge ANDREWS said of the Laws of 1860 (p. 353): " This statute prohibits all bequests or devises to corporations named therein beyond the permitted amount, 'in trust or otherwise,'

that is, as I construe it, ' in trust for the corporation or in any other manner.' " This was in the dissenting opinion, but the disagreement of the court was upon another point. Judge FOLGER, in *Lefevre* v. *Lefevre* (59 N. Y. 434, 449) wrote: " The act of 1860 (Ch. 360) makes a change in these particulars in the act of 1848. 1st. It provides for the case of a husband surviving, as well as a wife, child or parent. 2d. It provides that a devise or bequest *shall not be in trust for, as well as directly to, a society.*" And the court in *Matter of Crane* (12 App. Div. 271) in referring to *Bascom* v. *Albertson* (34 N. Y. 584) and *Chamberlain* v. *Chamberlain* (43 N. Y. 424, 440) said: " They are simply directed against evasions of the act, holding that it cannot be eluded by a gift of more than one-half of the estate to two or more corporations in the aggregate, nor by a gift of the whole estate to a private trustee for the precise benevolent objects to which the one-half was limited." (p. 277.)

In view of these authorities it is quite apparent, I think, that the words of the *Allen* case, peculiarly applicable to the Graves will, were not intended to apply to an *express trust* for the benefit of a charitable corporation or association. There would be no reason for making the beneficial provisions of section 17 apply to a direct gift to charity but not to an express trust for such a charity. In fact, reason would be against such a construction, as it would appear to be an attempted evasion of the law.

Section 96 of the Real Property Law (Laws of 1909, chap. 52) provides for only four express trusts, but since the passage of chapter 701 of the Laws of 1893 (section 113 of the Real Property Law), a trust for religious, educational, charitable or benevolent uses has been referred to as the fifth express trust authorized by law. (Reeves on Real Property, vol. 1, page 494.)

When chapter 360 of the Laws of 1860 (section 17, Decedent Estate Law) was enacted, bequests and devises to unincorporated charitable associations could not be

made directly or in trust, nor could they be sustained as a power. (*Downing* v. *Marshall*, 23 N. Y. 366; *White* v. *Howard*, 46 N. Y. 144.) Neither could a trust be created for an incorporated charity. (*Adams* v. *Perry*, 43 N. Y. 487; *Cottman* v. *Grace*, 112 N. Y. 299; *Downing* v. *Marshall*, 23 N. Y. 366; *Bailey* v. *Bailey*, 97 N. Y. 460, 467; *Fairchild* v. *Edson*, 154 N. Y. 199.) And yet it will not be claimed that section 17 of the Decedent Estate Law applies to only such charities, coming within its terms, as could be created in 1860. The power of corporations to take by will was constantly changing, and by chapter 701, Laws 1893, the law of charitable gifts was radically modified. The legislature intended to restrict a testator's gifts to charity under certain conditions, and the restrictions, continuing for over half a century, followed the changes in the law and applied to any gifts to charity in trust or otherwise, provided the charity was one of those mentioned in the restricting section.

As to the real estate situated in New York state, the gift of Conrad Vreeland, the testator in this case, to his executors in trust to pay over the income to the North New Jersey Baptist Association, was within the provisions of section 17 of the Decedent Estate Law and could not pass to the charity more than one-half of his estate.

As this is a foreign will what effect does the gift of all of the testator's property in violation of the above section have upon the New York real estate ?

There can be little doubt that in determining the testator's estate all his property, both real and personal, and wheresoever situated, must be taken into consideration. In *Hollis* v. *Drew Theological Seminary* (95 N. Y. 166, 178) Judge EARL said: "How is it to be determined whether the testator has given more than one-half of his estate ? I answer, by ascertaining the value of his estate and then determining whether he has given more than half of such value. * * * His whole estate must be treated as converted into money at his death, and if the

money value of the portion given is not more than one-half, then the statute has not been violated."

Section 47 of the Decedent Estate Law provides that the validity of a testamentary disposition of real estate situated within the state is regulated by the laws of the state without regard to the residence of the testator, while the disposition of all other property is regulated by the law of the state of his residence at the time of his death. (*Dammert* v. *Osborn*, 140 N. Y. 30, and *Hope* v. *Brewer*, 136 N. Y. 126.) In *Matter of Moderno* (5 Demarest, 288) the entire estate was valued including property which the will expressly stated was not disposed of. This was real estate in the Island of Madeira.

The value of the testator's net estate, no matter where it is, must first be ascertained. If the legal provisions for charity outside of the state amount to half or more than one-half of the entire estate, the property in New York state will go to the heirs, and cannot be given to charity under the will. If such provisions outside of New York state are less than one-half, so much of the New York state property may go to the charity devisees as will make up fifty per cent and no more.

Applying this rule to the case at bar we have the following (using round figures): The entire estate over debts of the testator, including the New York property, is $140,000; $70,000 of it can go to charity. If the North New Jersey Baptist Association has received $70,000 of the estate in New Jersey it cannot have any part of the New York real estate, which will then go to the heirs of the testator. If the association has received but $50,000 it can share in the New York real estate to the extent of $20,000 and no more.

This method was adopted by the Supreme Court of California in 1911. (*Matter of Dwyer*, 115 Pac. Rep. 242, at pages 245, 246 and 247. See, also, *Paschal* v. *Acklin*, 27 Texas, 173, at page 195.)

There is nothing in this case to show what the associa-

tion has received in New Jersey or what it can receive, the laws of New Jersey not having been proved. The appellant wants us to presume that the common law applies, and that the association takes the New Jersey property without limitation. If this is so, all the New York property passes to the heirs.

The judgment below, however, should be reversed and a new trial granted, at which the respondents may have an opportunity to show what the association has received, or what the law of New Jersey is upon the subject.

The North New Jersey Baptist Association has been made a party to this action by that name and has appeared by attorney. We do not decide, if it be a voluntary association, whether it was properly before the court. (Code Civil Procedure, sections 1775, 1919, 438; *Ostrom* v. *Greene*, 161 N. Y. 353, 361, 364; *McCabe* v. *Goodfellow*, 133 N. Y. 89, 92; *Bossert* v. *Dhuy*, 166 App. Div. 251, 255.)

The judgment should be reversed and new trial granted, costs to abide the event.

HISCOCK, Ch. J., CUDDEBACK and CARDOZO, JJ., concur; CHASE, COLLIN and HOGAN, JJ., dissent.

Judgment reversed, etc.