In the Matter of the Accounting of WILLIAM L. VISSCHER,
as Executor of the Will of THOMAS H. HAM, Deceased.

MAY W. HAM, Appellant; FRED C. HAM, Respondent.

*Will — residuary clause directing conversion of real and personal property
into money and division among charitable institutions — gift invalid
as to amount in excess of one-half of estate — heir at law entitled to
proceeds of real property unnecessarily sold and as to which testator
died intestate in preference to widow.*

*Matter of Ham*, 213 App. Div. 487, affirmed.

(Argued February 23, 1926; decided March 4, 1926.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the third judicial department, entered
July 10, 1925, which modified and affirmed as modified
a decree of the Albany County Surrogate's Court judicially
settling the account of William L. Visscher as executor
and directing distribution of the estate of Thomas H.
Ham, deceased. By the residuary clause of his will
testator directed his executor to convert the residue of
his real and personal estate into cash and divide it among
certain charitable corporations. More than one-half of
the estate having been given to charity and testator
leaving a widow, the amount bequeathed to them was
valid only to the extent of one-half of the estate. After
paying all debts, lawful legacies and expenses of adminis-
tration there remained for distribution $21,214.33 as the
proceeds of personal property and $18,000 the proceeds
of real estate as to which testator died intestate. The
controversy was between the testator's widow and his
brother and heir at law and related solely to the proceeds
of the real estate. The former contended that under the
residuary clause of the will there was a conversion of the
realty into personalty and that she was, therefore, entitled
to one-half of the proceeds of the realty. The latter
contended that the personal estate being more than
sufficient to pay all expenses of administration and all
valid bequests there was no necessity for the conversion
of the real property and that the same descended to him
upon the death of the testator and that the proceeds

thereof unnecessarily sold belong to him.    The Appellate Division upheld the latter contention.

*James J. Farren, Frederick S. Harris* and *Samuel H. King* for appellant.

*Newton B. Van Derzee* for respondent.

Order affirmed, with costs; no opinion.

Concur:    HISCOCK, Ch. J., POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.    Not voting: CARDOZO, J.

---

ALEXANDER A. MAYPER, Appellant, *v.* KENNETH D. HARLAN, Respondent.

*Attorney and client — husband and wife — attorney may not recover from husband for services in procuring absolute divorce for wife.*

*Mayper* v. *Harlan*, 215 App. Div. 767, affirmed.

(Argued February 23, 1926; decided March 4, 1926.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered December 18, 1925, which reversed an order of the Appellate Term affirming an order of the City Court of the city of New York denying a motion for a dismissal of the complaint and granted said motion. The action was brought by an attorney to recover from defendant the value of' services rendered his former wife in obtaining for her an absolute divorce from defendant.

*Alexander A. Mayper* and *Jerome M. Hirsch* for appellant.

*David O. Decker* and *J. Robert Rubin* for respondent.

Order affirmed, with costs; no opinion.

Concur:    HISCOCK, Ch. J., POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.    Not voting: CARDOZO, J.