In the Matter of the Petition of FURMAN CLAYTON to Render and Settle His Account as Executor of MARY C. DURBROW, Deceased.

EDWARD W. CURTIS, JR., and Others, Appellants; FURMAN CLAYTON, as Executor, etc., and Others, Respondents.

Second Department, November 12, 1926.

Wills — construction — devise of residue to executor to distribute where he in his " judgment shall consider it will be most effective in the advancement of Christ's Kingdom on earth "— said provision is not valid either as trust or power in trust (Real Prop. Law, §§ 96, 97, 113; Pers. Prop. Law, § 12).

A devise of the residue of· an estate to an executor to distribute where he in his " judgment shall consider it will be most effective in the advancement of Christ's Kingdom on earth," is not valid either as a trust or as a power in trust. (Real Prop. Law, §§ 96, 97.)

Said provision cannot be upheld on the ground that the purpose of the gift is charitable (Pers. Prop. Law, § 12; Real Prop. Law, § 113), for by the terms thereof it is not limited to charity, but the money might be distributed to individuals or corporations if, in the opinion of the executor, such distribution would accomplish the stated result.

APPEAL by Edward W. Curtis, Jr., and others, from so much of a decree of the Surrogate's Court of the county of Kings, entered in the office of said Surrogate's Court on 28th day of June, 1926, as construes the will of the decedent.

*Isaac N. Jacobson,* for the appellants.

*George P. Fall,* for the executor, respondent.

*Robert P. Beyer, Deputy Attorney-General [Albert Ottinger, Attorney-General,* with him on the brief], for the respondent The People of the State of New York.

*Robert H. Wilson, Jr.,* for the respondents Faith Home for Incurables and Stony Brook Assembly, Inc.

JAYCOX, J. The only question that comes before this court on this appeal is the construction of the 28th clause of the will of the testatrix, which reads as follows:

" *Twenty-eighth.* All the rest, residue and remainder of my estate, real as well as personal and wheresoever situate, of which I shall die seized or possessed, I direct my executor or executrix hereinafter named to distribute where he, or she as his successor or substitute, in his or her judgment shall consider it will be most effective in the advancement of Christ's Kingdom on earth."

The learned surrogate held this clause valid as a power in trust, and from the decree entered thereon this appeal is taken.

The clause in question does not create a trust. No estate was vested in the executor, and it is essential to a valid trust that the legal estate be vested in the trustee. (Real Prop. Law, §§ 97, 100.) The provisions of section 12 of the Personal Property Law, and section 113 of the Real Property Law, are applicable only to trusts. (*Fralick* v. *Lyford,* 107 App. Div. 543; affd., 187 N. Y. 524.) Speaking of chapter 701 of the Laws of 1893, which is the progenitor of the sections above mentioned, Judge CHESTER said (p. 546): " The act of 1893 is one to regulate gifts for charitable purposes, and clearly relates only to gifts *in trust* for such purposes." That case was followed by the surrogate of Rockland county in *Matter of Compton* (72 Misc. 289). That these provisions are only applicable to trusts is borne out by the statement made by Judge CRANE, in *Decker* v. *Vreeland* (220 N. Y. 326),

in which he says (p. 334): " Section 96 of the Real Property Law (Laws of 1909, chap. 52) provides for only four express trusts, but since the passage of chapter 701 of the Laws of 1893 (section 113 of the Real Property Law), a trust for religious, educational, charitable or benevolent uses has been referred to as the fifth express trust authorized by law. (Reeves on Real Property, vol. 1, page 494.)" This being so, powers in trust are to be construed as they were prior to the passage of chapter 701 of the Laws of 1893. In the case which led to the passage of chapter 701 of the Laws of 1893, known as the Tilden Act (*Tilden* v. *Green*, 130 N. Y. 29, 64), the court said: " The power conferred by the will not being made to depend for its execution on the will of the trustees was, therefore, imperative, but it is not valid unless it can be enforced by the courts at the suit of some beneficiary.

" As the selection of the objects of the trust was delegated absolutely to the trustees, there is no person or corporation who could demand any part of the estate or maintain an action to compel the trustees to execute the power in their favor. This is the fatal defect in the will. The will of the trustees is made controlling, and not the will of the testator."

This will is subject to the same criticism. The objects of the testatrix's bounty are so indefinite and uncertain that there is no person or corporation who could demand any part of the estate, or maintain an action to compel the trustees to execute the power in their favor. The provision of the will in controversy here, I think, is more general and indefinite in declaring the purpose for which the gift is made than is contained in any of the reported cases, unless it be *Matter of Compton* (*supra*). In that case the fund in question was to be devoted to the " Lord's work," and was held to be void because the beneficiaries were not named or indicated so as to permit the courts to enforce it, and because the purpose for which the money was to be expended was not stated in the will. In that case the surrogate very pertinently said: " The phrase, ' in the Lord's work,' may be said to embrace all forms of religious and charitable work. Indeed, work that may be thus classified is so varied that one cannot even guess what particular kind of work the testatrix had in mind and intended to promote."

In *Read* v. *Williams* (125 N. Y. 560) the testatrix bequeathed the residue of her estate " To such charitable institutions and in such proportions as my executors, by and with the advice of my friend, Rev. John Hall, D. D., shall choose and designate." In that case, as in this, the executors made a choice and designation of certain charitable institutions, authorized to take real and personal

property by devise and bequest, among which they directed the residuary estate to be divided. What was said in that case is so clearly applicable here that I venture to quote the following therefrom: " It will be noticed that the particular donees of the gift are not designated in the will. They could not be known until the executors should select, in the manner pointed out, the particular charitable institutions which should take the bequest. The range of selection was unlimited, except that the appointees were to be institutions of charity, and perhaps also it is implied that they were to be incorporated charities, because a provision is made that the institutions selected shall be under no disability to accept the legacy. But beyond this there was no limitation whatever. The selection was not confined to charitable institutions in this State or in the United States. If the power was valid, the executors, with the approval of Dr. Hall, might appoint the gift to charitable institutions anywhere in this country or in foreign countries. The will did not in terms vest the title to the property in anyone pending the exercise of the power of appointment. It was not given to the executors, nor was it given to any particular charitable institution which could be pointed out or ascertained at the death of the testatrix. If the property, under the will, vested anywhere, it was in the whole aggregate incorporated institutions of the whole world, capable of taking by devise or bequest, subject to being divested in favor of such particular charities as should thereafter be designated by the executors."

In this case the field of selection is even broader. The beneficiaries may be either natural persons or corporations. They need not be, if institutions, either religious, educational or charitable. The executor is entitled to use his own judgment, unrestricted in any manner, so long as he considers the disposition made by him " most effective in the advancement of Christ's Kingdom on earth." The range of choice is so great and the uses to which this fund could be applied are so varied that no good purpose would be served by indicating those to which it could be applied in strict conformity to the will and still not be for religious, educational, charitable or benevolent purposes, as those purposes have been defined by the decisions in this State. It is enough to say that it could be given to a private person whether he be a Christian or an atheist, and, if the executor thought that that disposition of the fund would be " most effective in the advancement of Christ's Kingdom on earth," it would be in strict accord with the provisions of the will. The gift is not to any beneficiary or to any ascertainable class of beneficiaries. The gift is, rather, to a cause, and who is to benefit by the attempt to promote that cause is in no way defined

or limited. The personal views of the donee of the power are made the only limitations upon its use.

It is argued by the respondents that the purpose of the gift is charitable, but the provisions of the will do not so limit it. If I am correct in my construction of this provision of the testatrix's will, it is immaterial whether it creates a trust or grants a power. In either event, it is not aided by section 12 of the Personal Property Law or section 113 of the Real Property Law. " The intention of the Legislature in passing the act of 1893, was to save to the public, charitable gifts made in trust to uncertain and indefinite bene-- ficiaries. Gifts for the benefit of private institutions or individuals were not intended to be included within its provisions." (*Matter of Shattuck*, 193 N. Y. 446, 452.) In the case cited the gift was to " religious, educational or eleemosynary institutions," and the Court of Appeals held that, as an educational institution was not necessarily public, this provision of the will was, therefore, void. Although the courts of this State have control over gifts coming within the purview of the statute, they cannot, by their control, make that valid which the testator has made invalid. The courts cannot select the objects of testator's bounty.

This provision of the testatrix's will is so indefinite and uncertain in its objects and purposes that it is impossible for the courts to administer it. The possible devotion of this fund, in whole or in part, to private uses necessarily requires that the gift be held invalid. This situation was not changed in any way by the selection of beneficiaries that come within the terms of section 12 of the Personal Property Law. (*Read* v. *Williams, supra.*)

The decree of the Surrogate's Court, in so far as it holds the 28th paragraph of the will valid and binding, should be reversed and the 28th paragraph of the will should be declared invalid, with costs to the appellants and respondents payable out of the estate.

KELLY, P. J., MANNING, YOUNG and KAPPER, JJ., concur.

Decree of the Surrogate's Court of Kings county, in so far as it holds the 28th paragraph of the will valid and binding, reversed upon the law, and said paragraph declared invalid, with costs to the appellants and respondents payable out of the estate.