In the Matter of the Estate of MEYER ROSENBERG, Deceased.

Surrogate's Court, Kings County, September 29, 1937.

*Morris Schussheim,* for the Yeshiva Rabbi Chiam Berlin, charitable legatee.

*Blum & Jolles,* for the Polish Consul, as representative of Gittel Filkovitch, legatee.

*Jacob N. Broudy,* for Gittel Goldberg, legatee.

WINGATE, S. Section 17 of the Decedent Estate Law provides in part that " the validity of a devise or bequest for more than such one-half may be contested only by a surviving husband, wife, child, descendent or parent." The only intimation of potential infringement of the rule that more than one-half of an estate may not be given to charity over the protest of such near relative is contained in the petition of the executor who makes no intimation that he is within the class enumerated in the statute.

Two demonstrations are essential to produce a declaration of invalidity of the terms of a will under section 17. The first is that in fact more than one-half of the estate is given to charity. The second is that some one enumerated in the statute as being in the class of those entitled to object, actively contests the method of disposition. Such contest cannot be effected by a mental resolution to that effect, by the mere retaining of an attorney to

enter a contest, where the attorney does nothing, or by any other act short of the filing of an actual written objection by or on behalf of the specified kin in the construction proceeding.

The fact that an attorney is retained in one proceeding in relation to an estate creates no inference that he is authorized to act in another, since each proceeding in the settlement of an estate is as separate and distinct as are diverse actions between the same or different parties in any other court. (*Matter of Rosenberg*, 157 Misc. 490, 495.)

It may be regrettable that the parties and their attorneys were unfamiliar with the law and the practice in Surrogates' Courts. This is, however, an insufficient ground upon which to predicate a judicial determination that the provisions of a will are partially ineffective when the record demonstrates that an essential condition to such a decision under the express terms of the statute has not met with compliance.

The motion for reargument is accordingly granted, and on such reargument the court must adhere to its former decision.

Enter decree on notice in conformity herewith.