■  In the Matter of the Estate of ROBERTA L. DEWEY, Deceased. SAMUEL HALPERN et al., as Executors of MEYER HALPERN, Deceased Executor of ROBERTA L. DEWEY, et al., Respondents; JOHN DEWEY FOUNDATION, INC., Appellant.—Decree of the Surrogate's Court, New York County, entered January 7, 1975, affirmed. Respondents-Respondents shall recover of appellant $60 costs and disbursements of this appeal. We agree with the well-reasoned opinion of the Surrogate. EPTL 5-3.3 (subd [a]) provides in clear and unambiguous language that dispositions for charitable and certain other purposes, if contested by the testator's surviving issue or parents, are valid only to the extent of one half of the testator's estate "wherever situated". While the words "wherever situated" were not contained in the prior statute (Decedent's Estate Law, § 17), those words were merely added to codify the case law, wherein it was uniformly held that the computation to determine the limit of the charitable disposition should include property in foreign jurisdictions (see *Decker v Vreeland,* 220 NY 326; *Matter of Moderno,* 5 Dem 288; *Matter of Gaubert,* 164 Misc 768; *Matter of Carnegie,* 117 Misc 806, mod 203 App Div 91, affd 236 NY 517). The contention that if the statute is interpreted to include real property in foreign jurisdictions, such would necessarily conflict with EPTL 3-5.1 (subd [b], par [1]) is without merit. That section merely sets forth the general choice of law rule that testamentary dispositions and intestate distributions of real property are governed by the law of the situs of such property. But as stated in the Surrogate's opinion, there is no conflict under the circumstances of this case since there was no specific bequest of the foreign property and accordingly, "The rights and interest in, and effectiveness of transfers of foreign realty are not jeopardized herein." Our dissenting brother, however, urges that not only is there apparent conflict in the above-discussed provisions of the Estates, Powers and Trusts Law, but since the purpose of the right of

election is to protect the heirs of a testator against substantial disinheritance in favor of a charity, since the heirs herein are nonresidents and the law of their domicile would not similarly protect them, therefore, EPTL 5-3.3 (subd [a]) should not be interpreted under these circumstances to include the foreign property. However, not only do we disagree, as already indicated, with the basic premise that there is a conflict, but in any event, there is nothing in the language of EPTL 5-3.3 (subd [a]) which indicates that its application should be limited where the right of election is sought by persons who are nonresidents. The public policy of New York State, as expressed in EPTL 5-3.3 (subd [a]), is simply to protect certain relatives nearest to the decedent, and their place of residence is irrelevant. Concur—Tilzer, Capozzoli, Lane and Nunez, JJ.; Kupferman, J. P., dissents in the following memorandum: The testatrix in her will made specific substantial cash bequests to her two children who are Florida residents, and the remainder was devised to the John Dewey Foundation, incorporated in the State of Delaware, to perpetuate and promote the works of the distinguished late philosopher John Dewey, the husband who predeceased testatrix. In accordance with EPTL 5-3.3 (subd [a]), the two adult children elected against this disposition. Since chapter 360 of the Laws of 1860, New York State has provided for such right of election to, among others, children, where more than one half of the estate has been devised or bequeathed to a charitable corporation. *(Robb v Washington & Jefferson Coll.* 185 NY 485.) The contest on this appeal has to do with the value of real property located in Florida, Pennsylvania and Nova Scotia, which jurisdictions do not have the same statutory provisions with respect to a nonbarrable devise, as to whether, in view of EPTL 3-5.1 (subd [b], par [1]), which provides that the law of the situs controls the disposition of foreign realty, the right of election is valid as to that property. Complicating the situation is the provision of EPTL 5-3.3 (subd [a]) that a testamentary disposition for charity "shall be valid only to the extent of one-half of such testator's estate, *wherever situated"* (italics added). In view of this conflict in the internal provisions of EPTL, one should look to the purpose of the law with respect to the right of election, which is obviously to protect the heirs of a testator against substantial disinheritance in favor of a charity. However, here the heirs are nonresidents, and the law of their domicile would not so protect them. Under the circumstances, the determination of the learned Surrogate should be reversed and the law of the situs applied to the testamentary disposition of decedent's foreign real property, so that the foundation can take the full value of the realty with no right of election for the adult children with respect thereto.