In the Matter of the Appraisal, under the Transfer Tax Act, of the Estate of Caroline Remsen Gihon, Deceased.

Erastus C. Knight, as Comptroller of the State of New York, Appellant; William Gihon et al., as Executors, etc., Respondents.

1. Transfer Tax — Deductions of Commissions of Temporary Administrator. In valuing an estate for the purposes of a transfer tax the amount of the commissions and disbursements of a temporary administrator appointed in proceedings to contest a will are properly deductible.

2. Trustees' Commissions. Under section 227 of the Tax Law (L. 1896, ch. 908) the amount of the statutory commissions of a trustee appointed by the will to pay over income to a life beneficiary should also be deducted.

3. Amount of Federal Inheritance Tax not Deductible. The amount of the Federal inheritance tax under the War Revenue Act of June 13, 1898, is not deductible because it is a tax not upon property, but upon a legatee for the privilege of succeeding to property, and is payable out of his legacy, not out of the estate.

*Matter of Gihon*, 64 App. Div. 504, modified.

(Argued January 7, 1902; decided January 28, 1902.)

Appeal from an order of the Appellate Division of the Supreme Court in the second judicial department, made

October 11, 1901, which affirmed a decree of the Westchester County Surrogate's Court modifying a decree in proceedings for the adjustment of a transfer tax.

The facts, so far as material, are stated in the opinion.

*Joseph W. Middlebrook* for appellant. The deduction for expenses of the temporary administration in this case cannot be sustained. (*Matter of Westurn*, 152 N. Y. 93.) The allowance of trustees' commissions cannot be sustained. (*Matter of Becker*, 26 Misc. Rep. 633; *Matter of Borup*, 28 Misc. Rep. 474.) The Federal inheritance tax is not a proper deduction. (*Matter of Merriam*, 141 N. Y. 479; *Matter of Cullam*, 145 N. Y. 593; *Matter of Burr*, 16 Misc. Rep. 89; *Matter of Kennedy*, 20 Misc. Rep. 531; *Matter of Crerar*, 31 Misc. Rep. 481; *Matter of Fitch*, 39 App. Div. 609; *Matter of Bronson*, 150 N. Y. 1, 27; *Matter of Whiting*, 2 App. Div. 590; 150 N. Y. 27.)

*C. N. Bovee, Jr.*, for respondents. The Transfer Tax Law is a special one imposing special burdens, and as such all reasonable doubts must be determined in favor of the taxpayer and against the state. (*Matter of Fayerweather*, 143 N. Y. 114; *Matter of Harbeck*, 161 N. Y. 211; *Matter of Enston*, 113 N. Y. 174; *Knowlton* v. *Moore*, 178 U. S. 41; *People ex rel.* v. *Davenport*, 91 N. Y. 574.) The tax is computed, not on the whole estate, but on the value of the separate interests into which it is divided. (*Matter of Curtis*, 142 N. Y. 219; *Matter of Hoffman*, 143 N. Y. 327; *Matter of Westurn*, 152 N. Y. 93; *Matter of McPherson*, 104 N. Y. 321.) Commissions and expenses of temporary administration are proper charges to be deducted in arriving at the value of succession. (*Matter of Westurn*, 152 N. Y. 93; *Orcutt's Appeal*, 97 Penn. St. 179; *Finnen's Estate*, 196 Penn. St. 72; *Callahan* v. *Woodbridge*, 171 Mass. 595; *Matter of Gould*, 19 App. Div. 352; 156 N. Y. 426.) The commissions of trustees are proper deductions to be made in arriving at the shares to which the successors succeed. (*Matter of Gould*,

48 N. Y. Supp. 872; 19 App. Div. 352; 156 N. Y. 423; *Matter of Westurn*, 152 N. Y. 102.) The Federal inheritance tax was properly allowed by the surrogate. (*Knowlton* v. *Moore*, 178 U. S. 41; *Matter of Westurn*, 152 N. Y. 93; *Plummer* v. *Coler*, 178 U. S. 115; *Hooper* v. *Shaw*, 176 Mass. 190; *Hooper* v. *Bradford*, 178 Mass. 95; *Matter of Curtis*, 142 N. Y. 223.)

CULLEN, J. This appeal presents for determination the propriety of the deduction of three certain items in the assessment of the value of the testator's estate for the purpose of the imposition of a transfer tax. The probate of the will was contested and in the proceedings arising on such contest a temporary administrator was appointed. The amount of his fees and disbursements was deducted from the value of the estate. The appellant challenges the correctness of this allowance. We think the deduction was properly made. It was an expense of administration, and, therefore, chargeable to the estate, and not to the legatees or devisees. The transfer tax imposed by the laws of this State is a tax, not on the property of the estate, but on the succession by the legatee, devisee, next of kin or heirs at law to the fortune of the deceased. Personal property does not pass directly from the deceased to his legatee or next of kin, but all that such legatee or next of kin takes is what may be coming to him from the estate on its distribution after settlement. The amount represented by the expenditures of the administrator or the expense of administration never passes to the legatee or next of kin, and, therefore, is not subject to the tax. This was the rule held by this court in *Matter of Westurn* (152 N. Y. 93), though the appellant claims that that case is authority for a contrary doctrine. There the will was rejected and the next of kin sought a deduction of the amount expended by them in the contest. It was held that such a deduction was properly refused on the ground that these were expenditures made by the next of kin personally and not by the legal representatives of the deceased in the administration of his

estate. It is true that in the judgment which finally rejected the will the costs of the parties were charged upon the estate, but, as pointed out by Chief Judge ANDREWS, such judgment was in reality merely a judgment in favor of their attorneys against the parties themselves.

By this will one-half of the residuary estate is left in trust, the income to go to the testator's daughter during life, and upon her death the principal to her issue, or, in default of issue, over. The surrogate deducted the commissions of the trustees from the amount of the estate. There is a distinction that may be made between the commissions of executors or administrators whose appointment is an absolute essential to the lawful liquidation of an estate and those of trustees who are appointed solely for the protection of the property of the beneficiary, and it may be urged that such latter commissions should be considered as an expenditure for his benefit. Whatever force there may be in this view, we think the deduction of the trustees' commissions is justified and required by section 227 of the Tax Law itself, which prescribes that any legacy or devise to trustees in excess of their commissions allowed by law shall be taxable, thus necessarily implying that legal commissions shall be exempt.

The third ground of complaint is the deduction of the amount of the Federal inheritance tax imposed under the War Revenue Act of June 13, 1898. We think that the allowance of this deduction cannot be sustained. The opinion delivered by the learned surrogate states as the ground for his ruling: " As has been said, the tax is upon the transfer from the testatrix, measured by the amount received by the legatees. These taxes are primarily payable out of the estate in the hands of the administering officer, be he executor or administrator. It is his duty to discharge these obligations before delivering over the succession. The law contemplates that the legatees and distributees shall not receive the decedent's estate until these obligations are discharged, and, measuring the value of the succession by the amount received by them, it logically follows that in assessing the amount of tax under the state

law the Federal tax should be deducted." In our judgment the vital error of this argument lies in the assumption that the "taxes are primarily payable out of the estate." The Federal tax is of exactly the same nature as the state tax; a tax not on property, but on succession; that is to say, a tax on the legatee for the privilege of succeeding to property. (*Knowlton* v. *Moore*, 178 U. S. 41.) The Federal tax is necessarily of this character, for a direct tax, unless apportioned according to population, would be repugnant to the Constitution of the United States. Under that statute, also, it is the amount of the legacy, not of the estate, that determines the rate of taxation. Therefore, though the administrator or executor is required to pay the tax, he pays it out of the legacy for the legatee, not on account of the estate. The requirement of the statute that the executor or administrator shall make the payment is prescribed to secure such payment, because the government is unwilling to trust solely to the legatee. No one questions that where a legacy is given for a specified amount the tax must be deducted from the amount of the legacy and the balance only given to the legatee. A testator may direct that the tax on a particular legacy shall be paid out of his estate; nevertheless, in reality, the tax is still paid out of the legacy, the effect of the direction of the testator being merely to increase the legacy by the amount of the tax. In *Matter of Swift* (2 Connolly, 646; 137 N. Y. 77) the testator directed that the inheritance tax on certain legacies should be paid out of the residuary estate. It was contended by the residuary legatees that on the appraisement of the residuary estate there should be deducted both the taxes paid on the legacies for specific amounts and the tax on the residuary estate itself. It was held by the learned surrogate of the county of New York that neither deduction could be allowed, and that decision was affirmed by this court. In the opinion rendered here it was said by Judge GRAY: "The surrogate held that there should be no deduction from the value of the residuary estate of the amount of the tax to be assessed, either upon prior legacies or upon its value. * * * I am

satisfied with his reasoning and can add nothing to its force. Manifestly, under the law that which is to be reported by the appraiser for the purpose of the tax is the value of the interest passing to the legatee under the will, without any deduction for any purpose, or under any testamentary direction." It is, therefore, settled by authority that no deduction in appraising values is to be made on account of the tax imposed by this state, and I think it entirely clear that the same principle is involved in the question of deductions of Federal taxes. It is said to be unjust to tax the recipient of a legacy for $10,000 on its full amount, as $500 has been exacted from him by the Federal government. This argument is equally applicable to our own taxation. Before the enactment of any Federal law, in the case of a legacy of the sum of $10,000, to a stranger in blood, the legacy would be taxed by the state, $500. No suggestion of any other method of computation is to be found except in the *Swift* case. Yet according to the argument now advanced for a deduction of the Federal tax, that taxation would be erroneous, as the legatee would only receive $9,500, and the correct tax would be $476.20, or five per cent on $9,523.80 paid over to the legatee. In fact the logical force of the doctrine of the courts below would carry us much farther. If in the case of a legacy of a specific sum, the legatee does not receive the amount deducted for taxes, then under the present practice the testator's will is not carried out; in other words, to comply with the will the taxes on the legacy should be paid from the residuary estate. The answer to the argument in both cases is as already said that the full amount of the legacy is in law paid to the legatee and the deduction made from it and paid to the state or Federal government is paid on account of the legatee from the legacy which he receives. The learned sur. rogate has presented a hypothetical case in which he asserts that the rule of appraisement without deduction of the Federal tax would involve great hardship. It is sufficient to say that if the case suggested does present hardship, as to which we express no opinion, that hardship arises not from the rule

which we have held to be correct, but from the rate of taxation prescribed by the Federal statutes graduated according to the amount of the legacy.

The order appealed from should be modified by adding to the appraisement the amount of the Federal inheritance tax, and as modified affirmed, without costs to either party.

PARKER, Ch. J., GRAY, BARTLETT and WERNER, JJ., concur; O'BRIEN and HAIGHT, JJ., dissent from the modification and vote for affirmance.

Ordered accordingly.