(39 Misc. Rep. 223.)

### In re THOMAS' ESTATE.

(Surrogate's Court, New York County. November, 1902.)

1. TRANSFER TAX—APPRAISAL.

    Where a claim existing in favor of the estate was advantageously compromised by an administratrix, a transfer tax was properly chargeable on the proceeds received in settlement of the claim, and not on its face value.

2. SAME—DEDUCTIONS.

    Where a personal representative expended certain money in suing to enforce a right of the estate, it should be allowed the representative, and be deducted in a proceeding taken to fix the transfer tax on the estate.

In the matter of the estate of Peter Thomas, deceased. Appeal from an order assessing and fixing the transfer tax. Order reversed.

Winston H. Hagen, for administratrix.
Willoughby L. Webb, for Joseph Engel.
Edward H. Fallows, for State Comptroller.

THOMAS, S. The decedent died intestate in this county on March 30, 1900, and letters of administration were thereafter duly issued. Proceedings to determine the transfer tax were instituted, which resulted in an appraisal and the making of an order by a surrogate fixing the tax on the footing of the appraiser's report. From the order so made this appeal is taken.

The facts involved in the controversy are not disputed. The only assets of the estate of the decedent were eight savings bank accounts, or such rights in them as belonged to the decedent at the time of his death. These eight accounts were all in the joint names of the decedent, Peter Thomas, and his wife, Jane Thomas, who had predeceased him, and they were in as many different savings banks. The passbooks evidencing them were in the possession of one Isabella Engel, who claimed title to them as having been given to her by Jane and Peter Thomas, either as a gratuity or as a consideration of her promise to remain with, care for, and support Peter Thomas until his death, which promise she alleged that she had performed. Actions were commenced in the supreme court by the administratrix against each of the savings institutions, in each of which Isabella Engel was interpleaded and asserted her claims of title. No trial was had in any of the actions, but an agreement of compromise was made on the basis of permitting the administratrix

to receive 75 per centum of the amounts deposited, while Mrs. Engel was to have 25 per centum. This arrangement was consummated by permitting Mrs. Engel to have judgment in her favor in one of the actions, and entering judgment by stipulation in favor of the administratrix in the others, leaving a sum of money to be paid in cash by the administratrix to Mrs. Engel; but these were matters of form, and the substance of the settlement was that the administratrix was to have three-fourths of the deposits and no more. Upon these facts the appraiser reported that the estate of the decedent was, for the purposes of taxation, of the value of the gross amount of all of the savings bank accounts, and he refused to deduct or allow the amount Mrs. Engel was paid or permitted to collect therefrom. This does not appear to have been on the theory that the compromise and settlement made by her with Mrs. Engel was not a proper or wise thing to do in the interest of the persons entitled as next of kin, of whom she herself was one, or because of any doubt that it had actually and in good faith been carried out. All of the facts seem to show that the compromise was, from the standpoint of the administratrix at least, an excellent one for her to make. She had power, even without the approval of a surrogate, to make an honest and prudent settlement, and will not, for doing so, on her accounting be charged with any sum in excess of its actual benefits to her estate. Thompson v. Brown, 4 Johns. Ch. 620; Murray v. Blatchford, 1 Wend. 583, 19 Am. Dec. 537; In re Scott, 1 Redf. Sur. 234; Gillespie v. Brooks, 2 Redf. Sur. 349; Shepard v. Saltus, 4 Redf. Sur. 232; Leland v. Manning, 4 Hun, 7; Chouteau v. Suydam, 21 N. Y. 179, approved in Wood v. Tunnicliff, 74 N. Y. 38.

The appraiser might properly have appraised the value of the disputed claim of the estate of the decedent to the savings bank accounts at the amount actually received by the administratrix on the adjustment. As a matter of fact the disputed claim was not worth par, and was only worth three-quarters of par. Or he might have reached the same result by appraising the entire fund, as he did, and then allowing the amount paid to Mrs. Engel as an expense of administration. The learned counsel for the state comptroller is in error in supposing that disbursements, honestly and properly made by an executor or administrator in litigating to assert a right of the estate, or to defeat an assault upon it, or even in buying peace for the estate, can be disallowed as a deduction in a proceeding to fix a transfer tax, on any theory that the state of New York has rights in excess of those of the parties interested in the estate. The tax is based, not on the gross amount of the claims made on behalf of the estate, but on the amounts actually transferred by operation of our laws to the parties interested in the estate. Every just and proper disbursement made by an executor or administrator, as a necessary or proper expense of administration, to which the executor or administrator will be entitled to be credited on his accounting with his cestui que trust, must also be credited in appraising the values of the interests transferred to those cestui que trust for purposes of taxation. In re Gihon's Estate, 169 N. Y. 443, 62 N. E. 561. The rule laid down in Re Westurn's Estate, 152 N. Y. 93, 102,

46 N. E. 315, in refusing to deduct from the value of the estate the expenses incurred by the next of kin in a successful will contest, has no application to a case where the disbursement is made by the legal administrator of the estate. In the Westurn Case the transfer from the decedent took effect and was taxable before the next of kin could recoup their expenses out of it. Where the legal representative makes a proper payment in the course of administration, the transfer from the estate is subordinate and subject thereto. In re Gihon's Estate, 169 N. Y. 443, 445, 62 N. E. 561; In re Maresi's Estate, 74 App. Div. 76, 79–81, 77 N. Y. Supp. 76; In re Haren's Estate (Sur.) 79 N. Y. Supp. 1134.

The remaining objections to the order appealed from concern the refusal of the appraiser to allow all of the moneys alleged to have been paid by the administratrix for services rendered by counsel in these savings bank litigations and for other expenses incident to the administration of the estate. The evidence as to these matters, contained in the record, is exceedingly meager and unsatisfactory. The attention of counsel on the hearings seems to have been directed almost exclusively to the main question in the case, and it may have been assumed that the charges claimed for expenses of administration were not disputed. The order appealed from is reversed, and the matter is remitted to the appraiser for further hearing and report.

Order reversed, and matter remitted to appraiser for further hearing and report.