1. TRANSFER TAX—DEDUCTIONS.
> On an appraisal for transfer tax money paid to the niece of testator
> by parties interested in the probate of the will, to induce her to with-
> draw objections to the will, cannot be deducted as an expense of the
> administration.

In the matter of the estate of Edward N. Marks. From report
of appraiser fixing and assessing the transfer tax, the executor ap-
peals. Modified.

Edward H. Fallows, for State Comptroller.
Paul M. Herzog, for executor.

THOMAS, S.   The appraiser properly refused to deduct and al-
low, as an expense of administration, the sum of $10,000 paid to a
niece of the testator pursuant to an agreement under which she with-
drew objections to the probate of the will. I would rest upon the
decision of my associate, Surrogate Fitzgerald, in Estate of Barowsky,
N. Y. Law Jour., June 28, 1902, upon this point, if it were not that

counsel seems to find some intimation to the contrary in my memorandum in Matter of Thomas, 39 Misc. Rep. 223, 79 N. Y. Supp., 571. In that case an asset claimed by the administrator in behalf of the estate was also claimed by a stranger under a title superior to that of the decedent. A compromise was prudently and properly made, which recognized the rights of the estate to a portion of the disputed property. Only so much of the property as remained in the hands of the administrator after deducting payments to carry out the compromise was appraised for the purpose of taxation. I remarked that it was competent for an administrator to purchase peace "for the estate," and to charge the disbursement as an expense of administration. In the present case no purchase of peace has been made "for the estate." The controversy that was settled was between parties claiming rights in the estate under an alleged testamentary paper purporting to be a will, and other parties claiming rights in the estate as heirs at law and next of kin on the theory that there was no will. The compromise effected did not aid "the estate," either in increasing or in determining or in quieting a litigation concerning the assets transferred. Whether the proponents in the will contest or the contestant prevailed, the transfers from the decedent were taxable, and the value of the estate transferred was the measure of the tax.

The substance of the compromise was that the niece was to have a part of the estate which was directed by the will to be paid to the legatees, and that the legatees should retain the balance. The person named in the unprobated paper as executor had no authority, implied from that circumstance, to make such a contract, and the agreement was valid only because the beneficiaries under the will joined in it. The payment was therefore a payment out of the property transferred to the beneficiaries in satisfaction of their own contract obligation, and was not an expense of administering the estate, or deductible from the appraisal. Matter of Westurn, 152 N. Y. 93, 46 N. E. 315. As to this branch of the appeal, the order fixing the tax is affirmed.

The evidence before the appraiser as to the value of the copper mine stock was entirely insufficient to establish that it was worth anything whatever, and its par value was improperly included in the appraisal. As to this, the appeal is sustained.

Affirmed as to one branch of appeal, and appeal sustained as to the other branch.