(41 Misc. Rep. 36.)

### JACKSON v. TAILER.

(Supreme Court, Special Term, New York County. June, 1903.)

1. WILL—CONSTRUCTION—TRANSFER TAX.

    A will provided that the executor should pay the legacies within one year after the decease of testator, without any rebate or reduction whatever. Held not to entitle a legatee to receive his legacy free from the transfer tax, where the will was made before that or any similar tax existed in the state.

Action by Mary E. Jackson against Robert W. Tailer, executor of Phebe Pearsall, to construe a will. Judgment for defendant.

Charles A. Jackson, for plaintiff.
H. L. Bogert, for defendant.

SCOTT, J. There is much force in the suggestion that there is a defect of parties defendant, at least so far as concerns the construction to be given to the eleventh paragraph of the will; and, if it did not seem to be so entirely clear that the plaintiff is in error in her contention as to the distribution of the lapsed legacy to Thomas C. P. Bradhurst, I should hesitate to render judgment without the presence of Mrs. Field. The paragraph referred to is, however, too plain to

require construction. Clearly, the "said nieces and nephews" who are to share in a lapsed legacy to any one of them are those nieces and nephews named in the paragraph, and these include Mrs. Field, who is entitled to share in the legacy given to the nephew who has died.

The plaintiff further claims that she is entitled to receive the whole legacy left to her, and that the transfer tax thereon should be paid out of the residuary estate. The clause of the will upon which she relies is applicable to all the legacies, except that of the residuum, and reads as follows: "I do hereby further authorize and empower my said executors, in his or their discretion, to pay any or all of the aforesaid legacies within one year after my decease, without any rebate or reduction whatever." It was left entirely optional with the executor whether or not he would anticipate the time fixed by statute for the payment of legacies, and the provision that such payment should be without rebate or deduction seems to have been intended to take effect only if he should so exercise his discretion as to anticipation of payment. It doubtless would justify the executor, if he anticipated payment, in waiving the usual rebate of interest. The clause can hardly have been intended to apply to a succession or legacy tax, because the will was executed on February 15, 1884, more than a year before the first act was passed in this state imposing a tax on legacies or successions. It is true that the will was generally reaffirmed by a codicil executed after the passage of the act, but that mere reaffirmation cannot throw any light upon the intention of the testatrix at the time the clause in question was framed. Apart from this consideration, in my opinion, the words used by the testatrix would not have the effect claimed for them by plaintiff, even if the will had been executed after the passage of the act imposing the tax. It is well settled that the tax in question is not a tax upon the estate or legacy bequeathed or devised, but is a tax imposed upon the legatee for the privilege of succeeding to the property. Matter of Gihon, 169 N. Y. 443, 62 N. E. 561. Therefore, although the executor is required to pay the tax, he pays it, not for account of the estate, and as a deduction from the legacy, but on account of the legatee upon whom the tax is imposed. In legal effect the result, as between the estate and the legatee, is precisely the same as if the legacy were to be paid over to the legatee intact, and then the tax was to be collected from him. It is merely for the convenience of the state, and to insure certainty of collection, that the duty is cast upon the executor of paying the tax. Strictly speaking, therefore, the tax is not a "rebate or deduction" from the legacy. Doubtless, a testator may, by apt words, direct that the tax upon a particular legacy or class of legacies should be paid out of the residuary estate, but, as pointed out by the Court of Appeals in the case above cited, such a provision· would simply amount to an increase of the legacy by the amount of the tax. There must be judgment for the defendant, with costs.

Judgment for defendant, with costs.