a court will lean toward that construction which will support the will. Coston v. Coston, 118 App. Div. at page 4, 103 N. Y. Supp. 307.

Having now reconsidered the matter and heard parties not heard before, I feel that I must adjudge the sixth clause of the will of Philip Kraker valid and sufficient to carry the legacy or corpus of $2,000 to Solomon P. Kraker as the testator intended.

Decreed accordingly.

---

(76 Misc. Rep. 391.)

## In re JOHNSTON.

### (Surrogate's Court, Kings County. April, 1912.)

WILLS (§ 15*)—CHARITABLE BEQUESTS—PARTIAL INVALIDITY—EFFECT—DISTRIBUTION.

Testatrix, who died leaving an estate valued at $20,842.14, of which $5,200 was real estate specifically devised to a charitable corporation, and whose debts amounted to $96.18, gave to each of two other charitable corporations a legacy of $250, and then provided that the residue should be divided among the three corporations share and share alike. *Held*, that since, under Decedent Estate Law (Laws 1860, c. 360 [Consol. Laws 1909, c. 13]) § 17, providing that no person shall devise or bequeath to any charitable corporation more than half of his or her estate after payment of her debts, and such devise or bequest shall be valid to the extent of one-half and no more, the devise to the corporations was partially invalid, and that the same should be distributed by first ascertaining the money value of the estate as it remained at death, and after deducting decedent's debts, paying one-half of the remainder to the corporate legatees; the value of the real property specifically devised being also deducted from the value of the estate in so far as the executor's accounting was concerned as it passed by direct devise.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 36; Dec. Dig. § 15.*]

Judicial settlement of the account of Henry S. Johnston, as executor of the will of Catherine E. Anderson, deceased.

Philip J. McCook, for accountant.

James P. Judge, for Sisters of the Poor of St. Francis.

Arnold & Greene (J. Warren Greene, of counsel), for Servants of Relief for Incurable Cancer.

William J. Fanning, for Mission of the Immaculate Virgin for the Protection of Homeless and Destitute Children.

Man & Man (Frederick H. Man, of counsel), for Archibald J. C. Anderson and Hugh M. Anderson.

Judge & Collins, for Irene McGovern and Veronica McGovern.

KETCHAM, S. The will under which the account is made gives general legacies of $250 each to two charitable corporations, and devises certain real estate to another like corporation. It is admitted that the value of the real estate last mentioned is $5,200. The residue of the estate is devised to the same charitable corporations, share and share alike. The value of the estate, in money, as it stood at death was $20,842.14. The amount of the decedent's debts was $96.18. With these values in evidence, the beneficial provisions of the will may be discussed with convenient inaccuracy as "legacies."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

It is obvious that the provisions in favor of the corporations are impaired by Laws 1860, c. 360 (now Decedent Estate Law) § 17; and the question is presented whether the amounts to be paid to or enjoyed by the corporations are to be one-half of the estate after the payment of debts, or whether the same are to be still further reduced by the payment of the expenses of administration. None of these legacies is void. They are payable to the full extent intended by the will save only so far as they are to be reduced by the process of abatement defined in the statute. Stripped to terms applicable to this will, the statute is as follows:

"No person * * * shall * * * devise or bequeath to any * * * charitable * * * corporation * * * more than one-half of his or her estate, after the payment of his or her debts, * * * and such devise or bequest shall be valid to the extent of one-half and no more."

No rule is yielded by this enactment for the reduction of these legacies, except one, viz.: Ascertain the money value of the estate as it remained at death, subtract therefrom the amount of the decedent's debts, and pay one-half of the remainder to the corporate legatees. Hollis v. Drew Theological Seminary, 95 N. Y. 166, 177. In the case cited, the question, whether or not administration expenses were to be subtracted, was not consciously entertained, but was actually involved in the direction there made, that the value of the estate should be ascertained as of the time of the decedent's death. The same direction appears in Matter of Durand, 194 N. Y. 477, 87 N. E. 677.

The expression of one thing excludes the other. "Debts" are required by this statute to be subtracted. Nothing else is mentioned as a subtrahend, and therefore nothing else can be considered. It is as if the testatrix had bequeathed "such sum as shall be equal to one-half of my estate after payment of my debts." That the provision for the corporations is largely in the form of a residuary gift cannot impose a reading upon the statute which its words forbid. True, expenses of administration fall upon the residue; they always must. It is only for this reason, that the residue, whether enjoined by legatee or next of kin, is cut down by the amount of the expenses. But the residuary gift in this case fails of effect. It has been withheld by the statute. It can never be enjoyed. The law commutes it, and puts the commuted amount in its place. This done, the law creates a new residue for the benefit of the next of kin. The residuary legatees thereupon must be relieved of residuary burdens, when they lose residuary benefits, and the residuary distributees cannot take the gift of the law without carrying its weight.

The words employed in one of the briefs to fasten these expenses upon the abated legacies of the corporations seem to react. These words are:

"And it is always the residuary estate which must bear the expense of administration and the compensation of attorneys and executors."

The only residuary estate in this accounting is that which the statute was intended to create and which the next of kin will enjoy.

Among the corporations affected, a difference arises as to the dis-

tribution of their one-half of the estate, the whole of which is $20-745.97. The real estate devised to one of these corporations stands, in the calculation of the one-half, at $5,200. Though this item has been necessarily involved in the calculation, it should be dismissed from this accounting, since the real estate passed by direct devise. Its withdrawal would leave of the one-half for the corporations, $5,172.-98. From this sum the two general legacies of $250 each should be paid, and the remainder, $4,672.98, should be divided equally among the three institutions according to the residuary gift.

The objection to the allowance of $150 to the husband under section 2713 of the Code is overruled.

Decreed accordingly.