In the Matter of the Transfer Tax upon the Estate of MARY STEWART BIERSTADT, Deceased.

THEODORE F. HICKS and Others, ˉas Executors, etc., Appellants; THE COMPTROLLER OF THE STATE OF NEW YORK, Respondent.

First Department, July 13, 1917.

**Tax — transfer tax — payment of tax under Federal Revenue Act of 1916.**

Executors of an estate are not entitled to deduct from the gross estate, as an expense of administration, the estimated tax provided for in the Federal Revenue Act of 1916 before the amount of the transfer tax under the State law ̇ is fixed.

APPEAL by Theodore F. Hicks and others, as executors, from an order of the Surrogate's Court of the county of New York, entered in the office of said Surrogate's Court on the 28th day of March, 1917, affirming a prior order fixing the transfer tax herein.

*George A. Viehmann,* for the appellants.

*John B. Gleason,* for the respondent.

SCOTT, J.:

Mary S. Bierstadt, who died on October 3, 1916, left a will by which she disposed of an estate valued at upwards of $2,000,000. Of this estate she disposed of upwards of $1,200,000, by legacies of specific sums, and gave the residue to certain named relatives. No complaint is made of the assessment of the property thus devised so far as concerns the taxability of the several transfers under the State Transfer Tax Law (Tax Law [Consol. Laws, chap. 60; Laws of 1909, chap. 62], § 220 *et seq.,* as amd.), except that the executors, appellants, claim that the tax to be paid under the Federal Revenue Act of 1916 (39 U. S. Stat. at Large, 777, chap. 463, tit. 2, § 201 *et seq.*), estimated to amount to $97,309.58, should be deducted from the gross estate left by the testatrix, before the tax due under the laws of the State of New York is

calculated. This claim is based upon the proposition that the tax provided for in the Federal Revenue Act is a tax upon the estate, as such, and not upon the transfer of the property under the will and the laws of this State of which the deceased was a resident.

A similar claim for the deduction of the succession tax levied under the Federal War Revenue Act of 1898 (30 U. S. Stat. at Large, 464, chap. 448, § 29 *et seq.*) was decided adversely to the claimant in *Matter of Gihon* (169 N. Y. 443), wherein it was held that the Federal tax was not a tax upon the property transferred, but one upon the transfer itself, the amount of the tax being measured by the value of the property affected by the transfers. If, therefore, the tax imposed by the act of 1916 is, like that imposed by the act of 1898, a tax upon the transfer and not upon the property transferred, the claim of the executors was rightly denied. It is argued, however, that the Federal Revenue Act of 1916 differs radically from the War Revenue Act of 1898, in that under the act of 1916 the tax is imposed distinctly and unequivocally upon the property transferred, and that by no construction can it be held to be merely a tax upon the transfer of the property. Without expressing an opinion upon this construction of the act, it will suffice to say that if it must be construed as the executors claim that it must be, it would be invalid on constitutional grounds and no tax could lawfully be collected under it. (*Knowlton* v. *Moore*, 178 U. S. 41; *Matter of Gihon, supra.*) If so it would be clearly improper to deduct it from the gross estate before estimating the amount of the tax to be paid under the State law.

So, in either aspect of the law, whether it merely provides for a tax upon the transfer of the property, or provides for a tax upon the property itself which is transferred, the order appealed from is right. It is quite apparent that the executors will be confronted with serious questions which must be decided before they can safely proceed to finally distribute the estate. With those questions, however, we are not now concerned. All we are called upon to decide is that the executors are not entitled to deduct from the gross estate, as an expense of administration, the estimated tax provided for in the Federal

Revenue Act of 1916, before the amount of the tax under the State law is fixed.

The order appealed from is affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., DOWLING, PAGE and DAVIS, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.