Matter of the Estate of George C. Boldt, Deceased.

(Surrogate's Court, New York County, February, 1920.)

Transfer tax — when tangible personal property wherever situate is primarily liable for debts — decedents' estates — Tax Law, as amended by Laws of 1911, chap. 732.

> The amendment (Laws of 1911, chap. 732) to the Tax Law did not change the principle that tangible personal property, wherever situate, is primarily liable for debts; therefore such property of a resident decedent, without the state, should in a transfer tax proceeding, be charged with his debts in the proportion that such property bears to all his personal estate.

Appeal by the state comptroller from an order fixing the transfer tax.

Baldwin & Hutchins (Francis S. Hutchins, of counsel), for executors.

Lafayette B. Gleason (Schuyler C. Carlton, of counsel), for state comptroller.

Misc.]    Surrogate's Court, New York County, February, 1920.

COHALAN, S. This appeal is taken by the state comptroller from the report of the transfer tax appraiser and the further order fixing tax, on the ground that the appraisers erred in deducting, solely from the personal property of the decedent taxable in New York, claims aggregating the sum of $285,529.67.

The decedent, at the time of his death on December 5, 1916, was a resident of the county of New York. His tangible property within this state and his intangible property, wheresoever situated, was valued by the appraiser at the sum of $2,154,995.14, and constituted, less deductions, the estate taxable in this jurisdiction. The real estate was appraised at $392,790; he had $191,725.71 cash in hand or on deposit and the balance consisted of chattels, real estate, mortgages, promissory notes, claims, insurance, etc. The decedent also owned tangible property in the city of Philadelphia, the transfer of which is not subject to tax in this state, of the value of $389,147.44. The debts aggregated $941,895.83, and this sum, together with the funeral and administration expenses and commissions, has been deducted by the transfer tax appraiser from the gross estate taxable in New York, leaving a net estate for distribution of $1,049,109.71.

The decedent was the owner of the Bellevue-Stratford Hotel in Philadelphia and among the debts owed by him was an item of $285,529.67 for merchandise and equipment for the hotel and accrued wages to employees.

The state comptroller contends that this sum, or at least a part of it, should be deducted from the Philadelphia personalty.

The question raised by this appeal is whether the non-taxable property of a resident decedent may be taken into consideration in making deduction for his

debts. The precise point at issue has not been decided in any reported case called to my attention.

The transfer tax is measured by the value of the interest which remains after proper deductions have been made. *Matter of Gihon*, 169 N. Y. 443; *Matter of Westurn*, 152 id. 93.

The beneficiaries of the estate of this decedent are his two children. If the value of the property transferred to them, taxable by the laws of this state, has, in fact, been diminished by the whole amount due to creditors of the estate, then the deductions made by the appraiser in his report are proper. But there is no basis for the assumption that all the debts of decedent are chargeable solely against the New York personalty. The primary liability for their payment attaches to all his personal property without regard to its character or situs. *Matter of Swift*, 137 N. Y. 77. Although the amendment of the Tax Law by chapter 732 of the Laws of 1911 excluded from taxation tangible personal property situated without the state which was tangible prior to the amendment, it did not change the principle that the personalty wherever situated is primarily liable for debts.

It is urged by the state comptroller that the Philadelphia personalty will undoubtedly be held to answer for the debts due to Pennsylvania creditors of the decedent, and that such debts should, therefore, be deducted in their entirety from the Philadelphia assets. The laws of Pennsylvania affecting the matter before me are not part of the record of this proceeding, and I do not think that any presumption as to their provisions should be entertained. It is inconceivable, however, that the statutes of that state would require, as the appraiser in the present case has apparently assumed, that the debts due to residents of Pennsylvania should be satisfied entirely out

of New York personalty in the face of the fact that there was personal property physically situated in that state in excess of the debts.

I am of the opinion that the tangible personal property of the decedent without the state should be charged with his debts in the proportion which such property bears to all the personalty of the decedent. The report is remitted to the transfer tax appraiser for correction accordingly.

Decreed accordingly.