Matter of the Transfer Tax Appraisal upon the Estate of SAMUEL D. COYKENDALL, Deceased.

(Surrogate's Court, Ulster County, September, 1920.)

Transfer tax — when application for retaxation granted — what does not constitute a final determination — wills — trusts — Tax Law, as amended in 1911, § 230(5).

The will of a testator who left a widow and seven children, one of whom died shortly after his father, directed that the bulk of his estate be held in trust for the life of the widow and the life of that child who at the time of the death of the widow would be the youngest. *Held,* that a transfer tax computed and paid upon the assumption that the children living at the death of testator would survive their mother did not constitute a final determination as to the amount of the tax to be imposed.

Upon the death of the widow, another of the children having predeceased her, an application for a retaxation of the transfer tax under section 230(5) of the Tax Law as amended in 1911, will be granted.

APPLICATION for readjustment of tax.

Surrogate's Court, Ulster County, September, 1920. [Vol. 113.

William W. Wingate (Joseph M. McCloy, of counsel), for state comptroller.

A. T. Clearwater, for executor.

Fowler, Joseph M., Acting S. The deceased, a resident of the county of Ulster, died testate January 14, 1913, survived by a widow and seven children, one of whom died shortly thereafter.

His will directed that the bulk of the estate be held in trust for the life of the widow and the life of that child of the testator which should be, at the time of the widow's death, the youngest.

Proceedings for the computation of transfer tax were promptly instituted, and, after a determination thereof, an appeal taken by the comptroller from the order fixing the amount of the tax was dismissed and the tax paid to the state. The papers in these tax proceedings are not before me, but as I understand, it is agreed that the computation then made was based upon the assumption that the then living children of the testator would survive their mother, and that the tax was fixed and paid accordingly.

The testator's widow died June 7, 1919, and another son, Harry S. Coykendall, had died prior thereto.

The present application is made pursuant to section 230 of the Tax Law, 5th paragraph, as amended in 1911, which provides: " Where any property shall, after the passage of this chapter, be transferred subject to any charge, estate or interest, determinable by the death of any person, or at any period ascertainable only by reference to death, the increase accruing to any person or corporation upon the extinction or determination of such charge, estate or interest, shall be deemed a transfer of property taxable under the provisions of this article in the same manner as though the person or corporation beneficially entitled

Misc.] Surrogate's Court, Westchester County, September, 1920.

thereto had then acquired such increase from the person from whom the title to their respective estates or interest is derived.''

The learned counsel for the executor argues that, if the present application be entertained, this estate may be substantially diminished by successive taxation. The argument is not without force, though of course the tax is imposed not upon the property of the testator, but upon the succession or right to receive (*Matter of Gihon,* 169 N. Y. 443), but it is an argument which goes to the policy of the statute rather than to its legal effect.

Still, were it not for the express provision of the statute, it would be clear that the order fixing the tax in the proceedings mentioned and the payment thereunder, would constitute a final adjudication, and that the state could make no further claim.

The situation here presented, however, is squarely within the statute; property is transferred subject to an estate determinable by death, an increase has accrued to certain persons upon the extinction of such estate, and that increase is expressly made taxable. Application for retaxation granted.

Application granted.