Misc.]    Surrogate's Court, Queens County, December, 1921.

In the Matter of the Taxation under the Acts in Relation to Taxable Transfers of the Property of CHARLES KIERSTEAD MEYER, Deceased.

(Surrogate's Court, Queens County, December, 1921.)

Transfer tax — non-resident — law of domicile governs succession to personal property — when bonds and notes of New York corporation not taxable under section 220(2) of the Tax Law, as amended.

> The right of succession to personal property is governed by the law of the domicile of the owner at the time of his death.
>
> Where decedent, who died intestate a resident of the state of California, at the time of his death there was the owner of and had in his possession certain bonds and promissory notes of a New York corporation whose principal asset was real property in this state, upon which said bonds and notes were not in any way a lien, and it also appeared that a tax under the Inheritance Tax Law of California had been assessed and paid upon said bonds and notes, which have not since the death of decedent come into the state of New York, they are not subject to a transfer tax here under section 220(2) of the Tax Law, as amended.

APPEAL from order assessing transfer tax.

Kellogg & Street, for administratrix.

Robert Wickert, for State Tax Commission.

NOBLE, S. The administratrix of Charles Kierstead Meyer, deceased, appeals herein from an order dated June 10, 1921, fixing and assessing a transfer tax upon the property of said decedent.

It appears that said decedent was a resident of the state of California and died in that state, intestate, on May 16, 1916.

He left an estate consisting of real and personal

Surrogate's Court, Queens County, December, 1921. [Vol. 117.

property, the real property in this state being located in Newtown, Queens county, appraised at a value of $20,000 and tax assessed on such valuation.

From this assessment there is no appeal and the question before me is the right of the state of New York to tax certain bonds and promissory notes of the Ivanhoe Company, a domestic corporation, which were owned by the decedent at the time of his death. The proof shows that the principal asset of the Ivanhoe Company consists of real property in this state, but there is no proof that the bonds or promissory notes are secured by any mortgage or are in any way made a lien upon such real property.

It is admitted that decedent was a resident of the state of California at the time of his death, and that said bonds and promissory notes were in his possession in California at that time, and have not since come within the state of New York. It also appears that a transfer tax under the inheritance tax law of the state of California has been assessed and paid upon said bonds and notes in that state.

The administratrix claims that the decedent, not having been a resident of the state of New York at the time of his death, and none of said bonds or promissory notes having come within the state of New York, they are not taxable, and the order assessing the tax upon them is erroneous and should be vacated.

In support of this contention, the attorney for the administratrix relies almost entirely upon the decisions in *Matter of Bronson,* 150 N. Y. 1, and the decision of the Appellate Division, first department, in *Matter of Barbour,* 185 App. Div. 445; affd., without opinion, 226 N. Y. 639.

Had the law at the time of the death of the decedent herein been as it was when the *Bronson* case was

decided (October, 1896), I should have no hesitancy whatever in following the law as therein laid down and holding that the bonds and promissory notes were not taxable in this state.

Subsequent to the time of that decision, however, and before the death of the decedent herein, the Tax Law of this state was amended and the part pertaining to the issue herein reads as follows: ·

"§ '220.    *    *    *    2. When the transfer is by will or intestate law, of tangible property within the state or of any intangible property, if evidenced by or consisting of shares of stock, bonds, notes or other evidences of interest in any corporation, joint-stock company or association wherever incorporated or organized,    *    *    *    and the property represented by such shares of stock, bonds, notes or other evidences of interest consists of *real property which is located, wholly or partly, within the state of* New York, or of an interest in any partnership business conducted, wholly or partly, within the state of New York, in such proportion as the value of the real property of such corporation, joint-stock company or association, or as the value of the entire property of such partnership located in the state of New York bears to the value of the entire property of such corporation, joint-stock company or association or partnership, and the decedent was a nonresident of the state at the time of his death; or when the transfer is by will or intestate law of capital invested in business in the state by a non-resident of the state doing business in the state either as principal or partner."

Counsel for the respondent contends that the promissory notes and bonds in question are taxable under subdivision 2 of section 220 as above amended. In my opinion the question resolves itself into whether or not the legislature of the state of New

33

York had the power to tax the succession in the ownership of the bonds and promissory notes arising through the death of the owner, under the circumstances heretofore stated. It cannot be presumed that the legislature intended to exceed its power, and the statute must be so construed as to avoid that result if possible.

*Matter of Barbour,* 185 App. Div. 445, was decided after the passage of the act above mentioned, but that case hinged practically upon the question of the domicile of the deceased, and the court held that it had been shown that he was a *bona fide* resident of the state of New Jersey, and the personal property in question having been physically held by him in that state it was improper to assess a tax upon it.

The transfer tax is a tax on the right of succession to the title of real or personal property arising through the death of the owner. The right of succession to real property is governed by the laws of the state in which it is situated, but such right as to personal property is governed by the law of the domicile of the owner at the time of his death.

As to this, Merrell, J., in *Matter of Barbour, supra,* citing, with approval, *Matter of Embury,* 19 App. Div. 214; affd., 154 N. Y. 746, says: " The right of the State to tax the estate of a deceased resident is upon the ground that by the favor of the State a right of succession in such property is accorded, and having granted such privilege of succession the State has the undoubted right to curtail the same by taxation, and so, appropriating a part of the estate with which to bear the expenses of the government under whose protection the estate has been accumulated and has existed. Unquestionably real property situated within the State owned by a non-resident is subject to taxation, as the property itself is here. And so, too,

any personal property of a deceased person which may be physically present at the time of death can be laid hold of by the State for the purpose of taxation under our statutes. But as to personal property not physically within the State of New York, of a nonresident of this State, no such power exists. The very basis of such taxation, which is the right of succession, is wanting, because the succession thereto is created and governed by the law of the foreign State of which the deceased was a citizen.''

And Judge Cullen, in *Matter of Gihon,* 169 N. Y. 443, says: '' It is a tax not on property, but on succession; that is to say, a tax on the legatee for the privilege of succeeding to property. (*Knowlton* v. *Moore,* 178 U. S. 41.) ''

In *Matter of Barbour,* on page 454, Mr. Justice Merrell says: '' The right of the State to impose any tax is based on its dominion over the property situated within its territory. As was said by Gray, J., in *Matter of Bronson* (150 N. Y. 1, at the top of page 8): ' It is obvious that the State had no jurisdiction over a right of succession which accrues under the laws of the foreign State. That is something in which this State has no interest, and with which it is not concerned.' (*Matter of Swift,* 137 N. Y. 77; *Matter of Merriam,* 141 id. 484.)

'' In *Matter of Houdayer* (3 App. Div. 474; 150 N. Y. 37) this court held that the power of the State to tax is limited to persons, property and business within its jurisdiction. In discussing, in *Matter of Houdayer,* the right of the State to impose a transfer tax, Mr. Justice Barrett said, at page 478: ' If it is upon the right of succession, then plainly it is a tax upon a right granted by a foreign State. If it is not a tax upon such right, then it is simply a tax upon property acquired through the instrumentality of a for-

Surrogate's Court, Queens County, December, 1921. [Vol. 117.

eign succession law. And that in substance is what it is. In common parlance it is a succession tax. But in legal parlance it is, as was intimated in *Matter of James* (144 N. Y. 10), ' a tax upon property in this State passing from non-resident decedents.' The latter case distinctly holds that ' It is the property of the decedent which is sought to be subjected to the tax; ' and that ' The right of the State to impose the tax is based upon its dominion over what property is situated within its territory.' "

In the case of bonds and promissory notes, as I look at it, the corporation would undoubtedly have made some provision to meet them on maturity by an amortization or sinking fund, and if the corporation were solvent such bonds and notes would be taken up on maturity by payment from such fund and there would be no cause for resorting to the real property. Even if the bonds and notes were secured by a mortgage or other lien on the real property, which is not shown to be the case here, the lien would be merely a further security, and the holders of the bonds and notes would have no interest in the realty unless their bonds and notes could not be satisfied from the proper funds.

I am of the opinion, accordingly, that the bonds and notes are not properly taxable under the law of taxable transfers of this state, and that the matter should be referred back to the appraiser for amendment of his report, in accordance with this opinion.

Enter decree accordingly.