In the Matter of the Estate of JOSEPH K. GWYNN, Deceased.

Surrogate's Court, New York County, January, 1924.

**Wills — construction — direction by testator that bequests should be "paid in full and in the consecutive order in which they are named" — when intention of testator deemed bequests should be paid without deduction for inheritance tax.**

A direction that certain bequests provided for in a particular paragraph of the will herein should be "paid in full and in the consecutive order in which they are named," etc., considered, and *held*, that it was the intention of the testator that said bequests should be paid without deduction for inheritance taxes so far as funds were available with a special arrangement joining the bequests to the brothers and sisters of testator for an equal division as to them in the event of abatement.

ACCOUNTING proceedings.

*Gwinn, Pell & Hartsock*, for executor and trustee.

*Edward S. Clinch*, special guardian.

*DeForest Brothers*, for Presbyterian Hospital.

Surrogate's Court, New York County, January, 1924.          [Vol. 12]

O'BRIEN, S.   In this accounting proceeding a question has been raised by the Presbyterian Hospital, a legatee in the sum of $7,500, as to the correctness of the executors charging the legatee with state inheritance taxes paid by them.   The legatee contends that these taxes should be paid out of the residuary estate.   Unless the will directs otherwise a legacy given for a specified amount must bear all state "inheritance taxes."   These taxes are paid by the executor but the proportionate amount of such must be deducted from each legacy and the balance given to the legatee. *Matter of Gihon*, 169 N. Y. 443.   Such taxes are a direct charge upon the legacy unless there is language in the will which clearly and without ambiguity shows the intent to the contrary.   The paragraph in the will in which the bequest is made to the Presbyterian Hospital reads as follows:

"(j) Seven thousand five hundred dollars ($7500) to the Presbyterian Hospital of the City of New York for the *endowment of one bed under the provisions of Section 18, Paragraph 1 of the By-Laws of the Board of Managers.*"

It may fairly be assumed that the testator was conversant with the by-laws referred to and that he knew that to endow a bed would require the *full amount* of $7,500.   Moreover, in paragraph (m) of the will the testator provides that certain bequests specified shall be "*paid in full and in the consecutive order in which they are named,*" the paragraph reading as follows:

"(m) I direct that all bequests provided for in this subdivision Fifth of this my will be paid in full and in the consecutive order in which they are named, except that in the event that there should not be available the sum of Forty thousand dollars ($40,000) to pay in full the four bequests of Ten thousand dollars ($10,000) each to my brothers and sisters, to wit, Mrs. Ruth Jenkins, Rev. W. B. Gwynn, Frank Gwynn and Mrs. W. R. Silvey, as directed in paragraphs (b), (c), (d), and (e) of this subdivision Fifth of this my will, I direct that such sum as may be available for payment of the bequest to Anna Gabner as set forth in paragraph (2), be divided equally among my said four brothers and sisters or their then lawful issue as hereinafter provided."

What the testator meant by the terms used in these paragraphs and whether he intended the full amount of the several bequests made in paragraph 5 be *without deduction for inheritance taxes* and in the consecutive order in which they are named are concededly debatable questions.

The term "*paid in full*" must be given some definite meaning. This must be interpreted with the whole context of the will and in the light of the intention of the testator as manifested in the will.

It may be argued that when he used this expression the testator did not mean that any deduction should be made for taxes from the bequests in question, but that in case of a deficiency there should be no abatement.   In answer to this argument it may be urged that the testator's wishes as to abatement in case of insufficiency of funds were embraced in the phrase " *and in the consecutive order in which they are named.*"   He goes so far as to specify particularly what is to be done should adequate funds be unavailable as to the bequests to his brothers and sisters.

I am of the opinion that the testator had in mind the payment of the bequests named in paragraph 5 without deduction and in the order in which they are named so far as funds are available, with a special arrangement joining the bequests to the brothers and sisters together for an equal division as to them in the event of abatement.   Tax costs and submit decree on notice settling the account accordingly.

Decreed accordingly.