In the Matter of the Final Judicial Settlement of Account of Proceedings of WILLIAM L. VISSCHER, as Executor of the Last Will and Testament of THOMAS H. HAM, Deceased.

Surrogate's Court, Albany County, November 10, 1924.

**Wills — construction — testator, after bequeathing specific amounts to individuals and to charitable corporations, bequeathed remainder to religious corporations — more than one-half of estate was given to such corporations in violation of Decedent Estate Law, § 17 — said bequests are valid to amount of one-half of estate — amount of invalid bequests becomes intestate property — will directed sale of remainder of estate and that, after paying valid specific legacies, transfer tax, commissions and expenses, remainder should be divided among charitable corporations — said direction for sale constituted equitable conversion, though residuary bequests to charitable corporations were in part invalid — specific legacies to charitable corporations must be paid up to limit allowed by law before payment of residuary legacies to charitable corporations — transfer tax, commissions and expenses must be paid out of residuary estate as directed by will — executor is entitled to commissions on sale of real estate.**

A will which, after bequeathing certain specific amounts to individuals and to charitable corporations, gives the remainder to religious corporations, violates section 17 of the Decedent Estate Law where it appears that the total amount of the bequests to charitable corporations, after payment of the testator's debts, was more than one-half of the estate. But said bequests to charitable corporations are valid to the extent of one-half part of testator's estate.

The amount of the invalid bequests must be distributed as intestate property.

Surrogate's Court, Albany County, November, 1924.      [Vol. 123

A direction that the remainder of the testator's real property shall be sold by the executor and that, after payment of the specific legacies, transfer tax, commissions and expenses, the amount remaining shall be divided between two charitable corporations, constitutes equitable conversion of the real estate, since the provision in the will is mandatory and the will cannot be carried out or the estate administered without such conversion.  The doctrine of equitable conversion will be applied, notwithstanding that the residuary bequests to charitable corporations are in part invalid, since said sale was necessary to pay the transfer tax, commissions and expenses.

The bequests in the will to charitable corporations being invalid as to any amount more than one-half part of the estate after the payment of debts, and there being no provision that the specific legacies and residuary legacies to charitable corporations should be prorated, the specific legacies to charitable corporations must be paid in full to the limit allowed by law before any payment is made to the residuary legatees.

The transfer tax, commissions and expenses must be borne by the residuary estate in face of the express direction of the testator, who had the right to specify how and from what fund such charges should be paid.

The executor is entitled to commissions since the proceeds of the sale of the testator's realty must be distributed.

PROCEEDING for settlement of executor's account and for construction of will.

*Whalen, Murphy, McNamee & Creble,* for the executor.

*Frederick S. Harris* and *James J. Farren,* for May Winne Ham.

*A. Page Smith,* for the Albany Guardian Society, Albany Hospital, Home for Aged Men and Young Men's Christian Association.

*Rider & Allen,* for the Fourth Presbyterian Church.

*Rosendale, Dugan & Haines,* for the American Bible Society.

*W. H. Van Steenbergh,* for the American Tract Society.

LAWYER, S.  The testator, Thomas H. Ham, died at the city of Albany on the 11th day of November, 1922.  He was survived by his widow, May Winne Ham, and a brother, Fred C. Ham, who is the only heir at law and next of kin.  The testator was an attorney at law of many years experience.

On November 3, 1914, when a widower, he prepared and executed a will and on November 11, 1918, after his remarriage, he prepared and executed a codicil.  The will and codicil were admitted to probate on the 22d day of November, 1922.

The testator made many bequests to institutions, religious, charitable and educational.  The legacies ranged from $1,000 to $5,000.

After making provision for the general legacies, all the rest, residue and remainder of his estate was bequeathed to two cor-

porations, three-fourths thereof to the American Bible Society and one-fourth thereof to the American Tract Society of New York city.

The amount of the estate, at the death of the testator, was as follows: Personal property, $185,347.35, real property, $18,000, aggregating a total valuation of $203,347.36.

The debts amounted to the sum of $669.25.

More than a one-half part of the estate, after the payment of debts, was given to institutions, in violation of the statute and the amount bequeathed to them is valid to the extent of one-half and no more.    Decedent Estate Law, § 17.

By the residuary clause in the will, the testator having attempted to give the whole of the residuary estate to corporations in the prohibited class, the remainder of the estate, after payment of legacies to individuals and the permitted amount to other legatees, must be distributed as intestate property, as provided by statute.

Excepting two cemetery lots given to cemetery associations in trust, there is but one devise.

The testator and his brother each owned a one-half interest in premises situate on Hudson avenue in the city of Albany.    The testator devised his interest to his brother, but provided for a cash legacy, if the testator's interest were disposed of during his lifetime. The testator's interest was transferred during his lifetime, so that excepting the cemetery lots, the will does not specifically dispose of any real property.

At the time of his death, the testator was the owner of a house and lot on State street, in the city of Albany, which for a long time had been his place of residence.

Pursuant to the direction of the testator, as contained in the will, the executor sold the real property.    The power and direction to sell appear in the 18th paragraph of the will, which is as follows:

" I direct my executor to convert all the rest, residue and remainder of my estate, real and personal, into cash, granting him full power and authority to sell, at public auction or private sale, any real or personal property I may die seized of, not hereinbefore devised, and after paying said legacies that do not lapse or become null and void and said transfer tax, commissions and expenses, to divide the same into four equal parts or shares and to pay over and distribute one such part or share to each of the following corporations, respectively, viz:" The corporation legatees are thereafter set forth.

By his codicil the testator revokes the appointment of executor and substitutes therefor another person and changes the shares of the residuary legatees, but he does not change or modify the

power and mandatory direction given to his executor to sell the real property as provided by paragraph " Eighteenth " of his will.

The amount remaining for distribution as intestate property is $39,214.33, which sum includes the proceeds of the sale of the real estate of $18,000.

The heir at law contends that there has been no equitable conversion of the real property, notwithstanding the express direction of the testator to sell and convert, contained in paragraph " Eighteenth " of the will.

The widow of the testator, May Winne Ham, insists that an equitable conversion of the realty resulted and that the proceeds of the sale are personal property and must be distributed as such.

I am of the opinion that an equitable conversion from real to personal property was intended by the testator, in order to follow the general scheme of the will.

The general rule deduced from English and American decisions is that where the will shows unequivocally that the testator intended to convert real estate into personal, the law will consider the conversion as actually made at the death of the testator and treat the estate as personal for all purposes intended by the will. 3 Schouler Wills (6th ed.), § 1989; *Phelps* v. *Pond*, 23 N. Y. 69; *Scholle* v. *Scholle*, 113 id. 261; *Clift* v. *Moses*, 116 id. 144.

An intention to convert may be manifested in several ways: *First*, by a positive direction to the executors or trustees to make it; *second*, the intention may be ascertained from the necessity of a sale in order to carry out the general scheme of the testator; and, *third*, the property may be deemed to be equitably converted when the purpose of the testator would fail without such conversion. *Phœnix* v. *Trustees of Columbia College*, 87 App. Div. 438, 444; affd., 179 N. Y. 592.

The first and clearest test to determine intention to convert " by a positive direction to the executors or trustees to make it " could not have been more plainly expressed than has been done in the testator's own words.

In determining the testator's intention in the instant case, it needs to be observed that he directs that " after paying said legacies that do not lapse or become null and void and said transfer tax, commissions and expenses," the residue is to be divided.

It is manifest that the power of sale granted under the will was not conferred for the benefit of the residuary legatees alone, but also with a view of distribution of the proceeds for the purpose of paying legacies, transfer tax, commissions and expenses of administration, and then for the distribution of the sum remaining between the residuary legatees.

Misc. 889]     Surrogate's Court, Albany County, November, 1924.

The scheme of the will not only contemplated but expressly required the conversion of the realty into personalty.

The provisions of the will could not have been carried out or the estate administered without a sale of the real estate and converting it into cash. The duty of the executor to sell was as obligatory as any other act in the administration of the estate imposed upon him by law.

In support of the contention of the heir at law that no conversion was intended or resulted, it is urged that the decision in *Jones* v. *Kelly,* 170 N. Y. 401, is controlling.

The will there submitted to the court did not contain a positive direction to sell and convert, but granted only a power of sale. With the power of sale were joined gifts to charitable and religious corporations, in violation of the statute.

The direction here is to convert the realty into cash and to pay legacies, transfer tax, commissions and expenses.

It is to be observed that the court in *Jones* v. *Kelly, supra,* limited its ruling in the following language: " Thus it appears that the courts below rightly applied the principle established by the cases cited, viz: That *where the conversion of real estate into personalty is an incident to the devise and for the purpose of making it conveniently workable,* then, as to so much of the estate as the devise fails to dispose of, because in violation of law, the conversion also fails."

The direction to sell in the case at bar is not permissive, but mandatory. It is not incidental to an invalid purpose, but to carry into effect the entire will.

The proceeds from the real estate pass, therefore, under the Statute of Distributions.

Involved in this accounting there is the further question whether the general legacies in specific amounts to each of the corporations are to be paid in full or whether all of these legacies in general as a class, including the legacies to the corporation residuary legatees, shall be reduced *pro rata.*

The intent of the testator is plain. Certain corporations are bequeathed $1,000, others $3,000, others $4,000 and $5,000.

There is no provision in the will expressed, and there is none that may be implied, that the general bequests of definite amount shall be reduced or that their payment shall depend upon the determination of the amount to which the residuary legatees may be entitled.

By clause " Eighteenth " of the will, following bequests of specific amounts to each of the corporation legatees, the testator directs that after payment of legacies, transfer tax, commissions and

expenses, the rest, residue and remainder shall be divided into four equal shares, three shares to one corporation and one share to another.

It is a general and established rule that the residuary legatees take only after payment of general legacies of specified amounts.

In *Matter of Johnston*, 76 Misc. Rep. 391, a condition existed analogous to that now considered. The testatrix bequeathed two general legacies of $250 each to charitable institutions. The real estate, valued at $5,200, was given to a third charitable corporation. All the residue and remainder was divided equally among the three corporations. The court directed that the general legacies of specific amounts of $250 each and the specific devise of the real property to the third corporation be paid in full and that the residuary legacies to the three corporations be reduced so that the total amount to be received should not exceed the one-half permitted by law. *Matter of Farmers' Loan & Trust Co.*, 186 App. Div. 722; *Matter of Title G. & T. Co.*, 195 N. Y. 339.

The last question for consideration is whether the transfer tax, commissions and expenses shall be borne by the residuary estate.

The testator has so directed in express terms, and he had the right to specify how and from what fund such charges should be paid. His intention must be followed. *Matter of Gihon*, 169 N. Y. 443, 447; *Isham* v. *N. Y. Assn. for Poor*, 177 id. 218; *Matter of De Lamar*, 203 App. Div. 638; affd., 236 N. Y. 604; *Matter of Brooklyn Trust Co.*, 179 App. Div. 262; *Matter of Carnegie*, 203 id. 91.

As the proceeds from the sale of the real estate must be distributed as personal property, the executor is entitled to commissions thereon.

Decreed accordingly.