In the Matter of the Judicial Settlement of the Accounts of Charles W. Hubbard and William A. Young, Executors, etc., of John M. Toucey, Late of Great Neck, Long Island, Nassau County, Deceased. Elizabeth D. Nelson and The Farmers Loan and Trust Company, as Trustee under the Will of John M. Toucey, Deceased, Appellants; Charles W. Hubbard and William A. Young, Executors, etc., of John M. Toucey, Deceased, and Others, Respondents.— Decree of the Surrogate's Court of Nassau county modified by directing the general guardian of the infants to pay to the executors for the benefit of the estate the sum of $719.50 advanced by them to pay the semi-annual premium on the life insurance of which the said infants were the beneficiaries, and as so modified the decree is unanimously affirmed, with costs, payable out of the estate, to each party filing a brief and to the special guardian. The parties are agreed that the decree means that the trust funds are to be depleted of this $719.50. As the advancement was made for the benefit of these two infants, who have only a life estate in the trust funds, we are of opinion that the proceeds of the insurance policy of which the infants are the sole beneficiaries should, as well as any other personal estate in the hands of the general guardian for their benefit, be charged with the said advancement. The indebtedness for this unpaid portion of the premium was not that of the insured, who was under no legal obligation to pay

the premium. (*Goodwin* v. *Massachusetts Mut. Life Ins. Co.*, 73 N. Y. 480, 486; *Matter of Brown*, 60 Misc. 35.) This last point also disposes of the claim of appellant Elizabeth D. Nelson regarding her payment of a portion of the annual premium due upon the policy of which she was the beneficiary. As to the said Elizabeth D. Nelson's claim that her devise should not pay the inheritance taxes levied thereon, the point was properly determined by the decree appealed from (*Matter of Gihon*, 169 N. Y. 443; *Knowlton* v. *Moore*, 178 U. S. 41); and this construction is the only one consistent with the fact that there is no residuary estate out of which to pay such taxes as the will directed. Present — Lazansky, P. J., Rich, Kapper, Hagarty and Scudder, JJ.